Dennis S. Faulkner
Jason A. Rae
**LAIN, FAULKNER & CO., P.C.**
400 N. Saint Paul, Suite 600
Dallas, TX 75201
Telephone: (214) 720-1929
Fax: (214) 720-1450

*Financial Advisors to the Official*
*Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Centennial Beverage Group, LLC | § | CASE NO. 12-37901-BJH-11 |
| | § | |
| Debtor. | § | |

## FEE APPLICATION COVER SHEET

**Fee Application:**   Second and Final

**Applicant:**   Lain, Faulkner & Co., P.C.

**Time Period:**   August 1, 2013 through March 12, 2014

**Capacity:**   Financial Advisors to the Official Committee of Unsecured Creditors

**Retainer Received:**   None

| | First Interim (1/8/13 -7/31/13) | Second and Final (8/1/13 – 3/12/14) | Total |
|---|---|---|---|
| **Fees at Normal Rates:** | $77,195.50 | $9,889.50 | $87,085.00 |
| **Anticipated Fees** | 0.00 | 1,200.00 | 1,200.00 |
| **Less: 10% Rate Reduction Per Agreement** | (7,719.55) | (1,108.95) | (8,828.40) |
| **Total Fees** | $69,475.95 | $9,980.55 | $79,456.50 |
| **Expenses** | 71.24 | 10.00 | 81.24 |
| **Total Requested:** | $69,547.19 | $9,990.55 | $79,537.74 |
| **Amounts Previously Paid:** | (31,758.34) | 0.00 | (31,758.34) |
| **Current Payment Request:** | **$37,788.85** | **$9,990.55** | **$47,779.40** |

## HOURLY RATES

| | First Interim (1/8/13 -7/31/13) | Second and Final (8/1/13 – 3/12/14) | Total (1/8/13 – 3/12/14) |
|---|---|---|---|
| Total Professional Billed Hours: | 215.50 | 25.80 | 241.30 |
| Total Paraprofessional Billed Hours: | 0.00 | 0.00 | 0.00 |
| Total Number of Hours: | 215.50 | 25.80 | 241.30 |
| | | | |
| Highest Professional Rate: | $450.00 | $450.00 | $450.00 |
| Lowest Professional Rate: | $240.00 | $240.00 | $240.00 |
| Blended Professional Rate: | $322.39 | $344.98 | $324.80 |
| Highest Paraprofessional Rate: | $0.00 | $0.00 | $0.00 |
| Lowest Paraprofessional Rate: | $0.00 | $0.00 | $0.00 |
| Blended Paraprofessional Rate: | $0.00 | $0.00 | $0.00 |

## EXPENSES

| | First Interim (1/8/13 -7/31/13) | Second and Final (8/1/13 – 3/12/14) | Total (1/8/13 – 3/12/14) |
|---|---|---|---|
| Other (PACER) | $71.24 | $0.00 | $ 71.24 |
| Parking & Tolls | 0.00 | 10.00 | 10.00 |
| | **$71.24** | **$10.00** | **$81.24** |

Dated: April 10, 2014        By:  _____

Dennis S. Faulkner
Jason A. Rae
**LAIN, FAULKNER & CO., P.C.**
400 N. Saint Paul, Suite 600
Dallas, Texas 75201
(214) 720-1929 Telephone
(214) 720-1450 Facsimile

*Financial Advisors to the Official*
*Committee of Unsecured Creditors*

Dennis S. Faulkner
Jason A. Rae
**LAIN, FAULKNER & CO., P.C.**
400 N. Saint Paul, Suite 600
Dallas, TX 75201
Telephone: (214) 720-1929
Fax: (214) 720-1450

*Financial Advisors to the Official*
*Committee of Unsecured Creditors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Centennial Beverage Group, LLC, | § | CASE NO. 12-37901-BJH-11 |
| | § | |
| Debtor. | § | |

## SECOND AND FINAL APPLICATION OF LAIN, FAULKNER & CO., P.C., FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

LAIN, FAULKNER & CO., P.C. (the "Applicant"), Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") for Centennial Beverage Group, LLC. (the "Debtor"), files its Second and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") for the period from August 1, 2013 through March 12, 2014 (the "Application Period").

1.      This Court has jurisdiction over the subject matter of this Application pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Application is filed pursuant to 11 U.S.C. §§ 330 and 503(b)(2) and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

2.       On December 17, 2012 (the "Petition Date"), the Debtor filed its voluntary

petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. §101, et seq.,

thereby initiating the above referenced bankruptcy case.

3.       Since the Petition Date, the Debtor has continued to operate and manage its

business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.       On December 27, 2012, the U.S. Trustee for the Northern District of Texas (the

"UST") organized and appointed the Committee. The Committee is currently comprised of the

following members: (i) Glazer's, Inc.; (ii) Andrew C. Springer; (iii) Kurz Group, Inc.; and (iv)

VDI Income Fund I, LLP. Alan N. Greenspan, a representative of Glazer's, Inc., is the

Chairperson of the Committee.

5.       The Committee filed its Application to Employ Lain, Faulkner & Co., P.C., as

Financial Advisors to the Official Committee of Unsecured Creditors Effective January 8, 2013

[Docket No. 182]. On March 7, 2013 this Court entered its Order Approving Application for

Order Authorizing Employment of Lain, Faulkner & Co., P.C. as Financial Advisors to the

Official Committee of Unsecured Creditors Effective January 8, 2013 [Docket No. 216] (the

"Employment Order"). Applicant was retained under sections 328(a) and 1103(a) of the

Bankruptcy Code and the Employment Order provides that the Applicant shall be compensated

in accordance with the requirements of § 330 of the Bankruptcy Code. Accordingly the

Applicant submits this Application. A true and correct copy of the Employment Order is

attached hereto as Exhibit "A."[1]   Attached as Exhibit "B" are brief resumes of the personnel

involved in this engagement for whose services compensation is being sought.

---

[1]. The exhibits to the Application are voluminous and have been filed with the Court. Due to their voluminous nature, the exhibits to the Application are not being served on the parties receiving service via United States mail. Upon request, Applicant will provide the exhibits to a requesting party at no charge.

6. On September 5, 2013, Applicant filed its First Interim Application for Allowance of Compensation and Reimbursement of Expenses [Docket No. 347], requesting the interim allowance and payment of fees totaling $69,475.95 and expenses totaling $71.24 for January 8, 2013 through July 31, 2013. On October 16, 2013, this Court entered its Order approving on an interim basis those requested fees and expenses. The Applicant has been paid $31,758.34 of the approved and authorized amount leaving an unpaid balance of $37,788.85.

7. By and through this Application, Applicant requests (i) final approval of its fees in the First Application Period, (ii) approval of fees in the amount of $8,900.55 and expenses in the amount of $10.00 for a total of $8,910.55, for the Application Period, (iii) approval of anticipated fees after the Application Period totaling $1,200.00, and (iv) payment of such fees and expenses pursuant to the terms of the Plan, which is explained in greater detail herein.

8. During the Application Period, Applicant has provided financial advisory services for the Committee and makes this Application for the award of reasonable compensation and reimbursement of reasonable and necessary out-of-pocket expenses, incurred in connection with its services provided to the Committee.

9. Applicant believes that the fees applied for herein are fair and reasonable in view of the time spent, the size, complexity and extent of the operation of the estate, the risks associated with this case, and the results obtained.

10. During the Application Period, Applicant spent a total of 25.80 hours providing the services for which fees are requested. Applicant has attached as Exhibit "C" a summary, by individual, which lists the total hours billed and the applicable billing rates. In addition, Applicant has attached as Exhibit "D" a time summary by project representing total hours billed and total fees requested for each project category. Supplementing Exhibit "D" are Exhibits "E"

through "I" which itemize the time spent by each individual on each project and the detailed description of how each of these hours was spent on a day-to-day basis.

11.    The general categories of management, accounting and financial consulting services rendered by the Applicant are summarized as follows:

  A. Court Hearing/Testimony.    This project code captures time for which Applicant attended the hearing regarding its First Interim Fee Application. Fees for this project total $510.00. See Exhibit "E."

  B. Disclosure Statement / Plan of Reorganization Liquidation Analysis. This project code includes time for which the Applicant assisted the Committee with a review and analysis of the formulation and development of the Plan and the Disclosure Statement. Fees for this project total $6,748.50. See Exhibit "F."

  C. Financial Analysis.    Applicant incurred time reviewing, analyzing and summarizing financial data to assist the Committee and Committee's Counsel in understanding and monitoring the financial activities of the Debtor. Applicant considered the Debtor's historical financial information, monthly operating reports, variance reports, budgets and cash flow projections. Applicant provided both oral and written summaries to Committee's Counsel. Fees for this project total $1,160.50. See Exhibit "G."

  D. Employment/Fee Application.    This project code captures the preparation of the First Interim Fee Application and the Second and Final Application of Applicant. Fees for this project total $1,470.50. See Exhibit "H."

  E. Client Time Not Billed.    Exhibit "J" includes a summary of time not billed. In addition to the fees incurred in the projects set forth above, Applicant worked

0.20 hours for which no compensation is requested. Fees foregone total $69.00. See Exhibit "I."

      F.      <u>Anticipated Fees to Wrap-Up Case</u> – Applicant anticipates incurring additional fees totaling $1,200.00 subsequent to the Application Period in the preparation of this fee application and attendance at the hearing.

11.      Exhibit "J" includes a summary and detailed itemization of actual and necessary expenses incurred by Applicant for which reimbursement is sought in the amount of $10.00. Applicant represents that such expenses are reasonable, economical and customarily charged to non-bankruptcy clients. Applicant further represents that requested expenses adhere to allowable rates for expenses as fixed by federal and local guidelines or order of the Court.

12.      The Fifth Circuit Court of Appeals has enumerated a number of factors which should be considered in awarding compensation to professionals, such as the Applicant, in a bankruptcy proceeding such as the instant one. See *First Colonial Corp. v. Am. Benefit Life Ins. Co.,* 544 F.2d 1291 (5th Cir. 1977) *cert. denied*, 431 U.S. 904 (1977). See *Lawler v. Teofan*, 807 F.2d 1207 (5th Cir. 1987). See also 11 U.S.C. §330 and §331. Consideration of these factors follows:

      A.      <u>Time and Labor Required</u>. Since its appointment, Applicant has committed the necessary time and effort on behalf of the Committee. During the Application Period, a total of 25.80 hours were incurred by the Applicant on behalf of the Committee which if billed in total at its normal rates would equal $9,889.50. Applicant has not billed the Committee for 0.20 hours equaling $69.00 in fees and further voluntarily reduced its fees by an additional $988.95 per its retention agreement with the Committee, bringing the total amount of fees requested to $8,900.55.

B.     <u>Novelty and Difficulty of the Questions</u>. The issues that Applicant encountered serving as Financial Advisors to the Committee during this Application Period have been of a complex and specialized nature, requiring advanced skills and knowledge in bankruptcy accounting, financial and forensic analysis, and reporting in order to obtain results useful to the Committee and beneficial to its constituents.

C.     <u>Skill Requisite to Perform the Services Properly</u>. Applicant's firm has members, including those who have performed services on behalf of the Committee, who have specialized skills in various facets of financial analysis, bankruptcy accounting and financial consulting. Due to their expertise and skill in these specialized areas, Applicant believes far more time would have been expended by less experienced personnel, with considerably less desirable results. The array of financial analysis presented in this proceeding and the prompt and skillful action taken with regard to such problems by Applicant required a very high degree of expertise and experience. Applicant's abilities in this area are well known and enable it to provide services to committees effectively and efficiently in bankruptcy proceedings such as the instant one.

D.     <u>Exclusion of Other Employment</u>. Applicant does not believe that this is or should be a significant factor in the consideration of this Application.

E.     <u>Customary Fees</u>. The fees for which Applicant has applied herein are within the customary fees awarded in other proceedings for similar services rendered and results obtained.

F.     <u>Whether the Fee is Fixed or Contingent</u>. Applicant's fee in this proceeding is fixed at its standard hourly rates minus a ten percent deduction and is not contingent upon results achieved or the ultimate availability of funds for the payment of said fees

from the bankruptcy estate.  Applicant, however, concedes that fees in bankruptcy cases, and more especially in cases such as this, are contingent on success of the case as well as being subject to scrutiny by this Court.

   G. <u>Time Limitations</u>. Applicant believes that its role in this case has, to date, been handled in an expeditious manner, given the factual circumstances involved and the complex issues confronted.  Applicant further believes that no undue delays have occurred and that it has proceeded expeditiously and efficiently to the benefit of the Committee and its constituents.

   H. <u>The Amount Involved and Results Obtained</u>.  Results of Applicant's work have yielded substantial benefits to the creditors and all other parties-in-interest.  During the Application Period, Applicant has monitored and provided explanations of the Debtor's financial activities and fast changing business plans for the Committee and Committee's counsel.

   I. <u>Experience, Reputation and Ability of Applicant</u>.  Applicant submits that its personnel are respected for their ability in management, accounting and financial consulting services, particularly in regard to bankruptcy situations.  Applicant has been retained by numerous debtors-in-possession, trustees, secured creditors and creditors' committees in various Chapter 11 and Chapter 7 proceedings and has received favorable comments from the courts and other parties-in-interest.

   J. <u>Undesirability of the Case</u>.  Applicant does not believe that this is or should be a significant factor in the consideration of this Application.  Indeed, Applicant does not believe that this case was undesirable during the Application Period.

K.     The Nature and Length of the Professional Relationship with the Debtor.

Prior to Applicant's engagement by the Debtor in January 2013, Applicant had not

performed services for the Debtor or any related entities. Applicant has performed

accounting services in numerous other bankruptcies, some of which also involved certain

creditors and attorneys involved in this case.

L.     Awards in Similar Cases. Applicant believes that the services rendered

herein as Financial Advisors to the Official Committee of Unsecured Creditors have

substantially benefited the estate and its creditors, and that such services are of a

reasonable value. Applicant further represents that the fees applied for are in conformity

with fees allowed in similar proceedings for similar services rendered and results

obtained. Applicant respectfully requests that the Court take judicial notice of the awards

that have been made in similar proceedings in this Court and other bankruptcy courts in

the State of Texas.

13.     Applicant does not hold nor has it represented at any time during this engagement

any interest adverse to the estate, and has been at all times a disinterested party. Applicant has

made no agreement for the sharing of compensation for services rendered in or in connection

with this case with any other person, other than the individual members of the Applicant's firm.

14.     The Order Confirming Second Amended Plan of Liquidation for Centennial

Beverage Group, LLC Under Chapter 11 of the United States Bankruptcy Code [Docket No. 421]

(the "Confirmation Order") provided that on the Effective Date, the Liquidation Trustee would

establish a Professional Fee Reserve (the "Professional Fee Reserve"), which would consist of all

funds owned by the Debtor on the Effective Date other than those to be placed into the

Confirmation Claim Reserve and the $100,000 transferred to the Liquidation Trustee to fund the activities of the Liquidation Trust.

15.     To the extent necessary to satisfy the claims of other creditors required to be paid pursuant to Bankruptcy Code Section 1129(a)(9), Haynes and Boone, LLP, Munsch Hardt Kopf & Harr, PC, Lain Faulkner & Co., PC, and RGS, LLC (the "Subordinating Professionals") agreed to subordinate their Allowed Administrative Expense Claims to all Allowed Secured Claims, and Allowed Claims required to be paid pursuant to section 1129(a)(9).

16.     Until the unpaid portions of the Allowed Administrative Expense Claims of the Subordinating Professionals have been paid in full, 50% of the distributions from the Liquidation Trust of funds recovered after the Effective Date will be remitted to the professional firms, with the remaining 50% to be distributed to Holders of Allowed General Unsecured Claims pursuant to the Plan. To the extent that any funds held in the Confirmation Claim Reserve are greater than is needed to pay all Allowed Secured, Administrative and Priority Claims identified in Bankruptcy Code Section 1129(a)(9), those funds shall be placed in the Professional Fee Reserve and will not be subject to the sharing agreement with the Allowed General Unsecured Claims. The sharing agreement between the Subordinating Professionals and holders of Allowed General Unsecured Claims is only with respect to funds recovered by the Liquidation Trustee after the Effective Date. In addition, if any portion of the $100,000 to be transferred to the Liquidation Trust to fund the activities of the Liquidation Trust is distributed to holders of Claims, the Subordinating Professionals will be entitled to payment of 50% of any such distribution to satisfy any remaining Allowed Professional Fee Claims.

17.     32.     At this time, the Professional Fee Reserve has a balance of approximately $228,000.

## PRAYER FOR RELIEF

WHEREFORE, the Applicant respectfully requests that the Court (i) allow on a final basis, the reasonable compensation for professional services rendered by Applicant during the Application Period in the amount of $8,900.55 and the reimbursement of actual and necessary expenses incurred by Applicant during the Application Period in the amount of $10.00, aggregating to $8,910.55, while serving in its role as Financial Advisors to the Official Committee of Unsecured Creditors; (ii) allow on a final basis anticipated fees after the Application Period totaling $1,200.00; (iii) allow on a final basis fees and expenses incurred by Applicant since its employment on January 8, 2013 through March 12, 2014 for total fees of $78,376.50 and total expenses of $81.24; (iv) direct the Liquidation Trustee to pay to Applicant its pro-rata share of the funds in the Professional Fee Reserve on account of Applicant's remaining allowed yet unpaid fees and expenses in the amount of $47,779.40; (v) direct the Liquidation Trustee to pay any remaining outstanding fees and expenses approved herein pursuant to the Plan to the extent funds are available; and (vi) grant Applicant such other and further relief as is just and proper.

Respectfully submitted,

Dennis S. Faulkner
Jason A. Rae
**LAIN, FAULKNER & CO., P.C.**
400 N. Saint Paul, Suite 600
Dallas, Texas 75201
(214) 720-1929 Telephone
(214) 720-1450 Facsimile

***Financial Advisors to the Official***
***Committee of Unsecured Creditors***



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

*Barbara J. Houser*

**United States Bankruptcy Judge**

**Signed March 07, 2013**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CENTENNIAL BEVERAGE GROUP, LLC, | § | |
| | § | Case No. 12-37901-bjh-11 |
| Debtor. | § | |

**ORDER APPROVING APPLICATION FOR ORDER AUTHORIZING
EMPLOYMENT OF LAIN, FAULKNER & CO., P.C. AS FINANCIAL ADVISORS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
CENTENNIAL BEVERAGE GROUP, LLC**

CAME ON FOR CONSIDERATION the *Application for Order Authorizing Employment*

*of Lain, Faulkner & Co., P.C. as Financial Advisors to the Official Committee of Unsecured*

*Creditors of Centennial Beverage Group, LLC* [Docket No. 182] (the "Application") filed by the

Official Committee of Unsecured Creditors for Centennial Beverage Group, LLC (the

"Committee") and having considered the Application and the Affidavit of Dennis Faulkner in

support of the Application, and noting that no objections to the Application were filed, the Court

finds that (a) the proposed employment of Lain, Faulkner & Co., P.C. ("Lain, Faulkner") as

financial advisors to the Committee is appropriate and in the best interest of the Debtor's estate

---

ORDER APPROVING APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF LAIN,
FAULKNER & CO., P.C. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF CENTENNIAL BEVERAGE GROUP, LLC – Page 1

EXHIBIT A

and creditors, (b) Lain, Faulkner and its professionals do not represent or hold any interest adverse to the Debtor's estate such that Lain, Faulkner would be disqualified from representing the Committee in this bankruptcy case, and (c) Lain, Faulkner and each of its professionals is a "disinterested person" as such term is defined under 11 U.S.C. § 101(14). Accordingly, the Court finds that the Application should be approved. Therefore, it is hereby

      **ORDERED** that the Application is **APPROVED** as provided herein. It is further

      **ORDERED** that the Committee is authorized to retain and employ Lain, Faulkner as its financial advisors, as of January 8, 2013, to perform the services more particularly set forth in the Application. It is further

      **ORDERED** that Lain, Faulkner shall be compensated for services rendered and for expenses incurred, subject to the Court's interim and final approval and in accordance with the provisions of sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court.

### # # # END OF ORDER # # #

EXHIBIT A

**SUBMITTED BY**:

Deborah M. Perry
Texas Bar No. 24002755
Jonathan L. Howell
Texas Bar No. 24053668
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street
3800 Lincoln Plaza
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 855-7584
E-mail: dperry@munsch.com
E-mail: jhowell@munsch.com

*(PROPOSED) ATTORNEYS FOR THE OFFICIAL*
*COMMITTEE OF UNSECURED CREDITORS OF*
*CENTENNIAL BEVERAGE GROUP, LLC*

---

MHDocs 4279826_1 13502 1            EXHIBIT A



**Lain, Faulkner & Co.**
A Professional Corporation

# RESUMES

## PROFESSIONALS

**Dennis S. Faulkner** (DSF) - Mr. Faulkner is a shareholder of Lain, Faulkner & Co., with more than 30 years of accounting experience in both industry and public practice. Public practice has included audit and business consulting services with a national accounting firm as well as extensive experience in areas relating to bankruptcy, litigation services and general business consulting. In the area of bankruptcy, Mr. Faulkner's experience includes assistance in formulation and review of plans of reorganization, claims analysis and administration, preference and fraudulent transfer analyses, financial projections, asset liquidation, and providing expert witness testimony. He has served as examiner chief reconstructing officer, and trustee in bankruptcy cases as well as State Court receiver. Mr. Faulkner is a graduate of Abilene Christian University, a Certified Public Accountant and a Certified Fraud Examiner.

**Jason A. Rae** (JAR) - Mr. Rae, a CPA and a shareholder of Lain, Faulkner & Co., is a graduate of the University of Texas at Dallas with a Masters in Business Administration and Bachelors of Science in Accounting. Mr. Rae is also a Certified Fraud Examiner and Certified Forensic Financial Analyst. He has over 16 years of experience in industry and public accounting, 12 of which have been focused in matters relating to bankruptcy, troubled company entities and litigation services. That experience includes preparation of statement of financial affairs and debtor's schedules, preparation of financial projections, data mining using computer assisted audit tools, reconstruction of books and records, solvency analysis, fraud investigations, cash tracing, claims analysis, preference/fraudulent transfer analysis, valuation analysis, damage analysis and discovery support. Mr. Rae has also served in a receiver capacity and as a trustee.

**Aniza Rowe** (ARR) - Ms. Rowe is a graduate of the University of South Carolina with a Bachelor of Science in accounting. She has over 20 years of accounting experience in various industries including public accounting, telecommunications and property management, and eleven years focused on bankruptcy. Her background includes general ledger, project accounting, account analysis and financial statement compilation, litigation and forensic services, preparation of monthly operating reports and assisted in the preparation of statement of financial affairs and debtor's schedules. Ms. Rowe is also a Certified QuickBooks 2011 and 2012 ProAdvisor.

EXHIBIT B

# LAIN, FAULKNER & CO., P.C.
## Centennial Beverage Group, LLC
## Fee Application Summary
## For the Period August 1, 2013 through March 12, 2014

Name of Applicant: LAIN, FAULKNER & CO., P.C.

Role in the Case: Financial Advisors to the Official Creditors Committee of Unsecured Creditors

Current Application

    Fees Requested: $ 8,900.55

    Expenses Requested: $10.00

Fees Previously Requested: $69,475.95

Fees Previously Awarded: $69,475.95

Fees Previously Paid: $31,687.10

Expenses Previously Requested: $71.24

Expenses Previously Awarded: $71.24

Expenses Previously Paid: $71.24

Retainer Paid: $0.00

| Employee | Current Hours Billed | Hourly Rate | Total Amount |
|---|---|---|---|
| **Professional** | | | |
| Dennis Faulkner | 1.40 | 450.00 | 630.00 |
| Dennis Faulkner | 14.30 | 425.00 | 6,077.50 |
| Jason Rae | 0.40 | 365.00 | 146.00 |
| Jason Rae | 7.20 | 345.00 | 2,484.00 |
| Aniza Rowe | 2.30 | 240.00 | 552.00 |
| Jason Rae | 0.20 | 0.00 | 0.00 |
| | 25.80 | | 9,889.50 |
| | 25.80 | | $9,889.50 |

Reduction to Fees Billed: (988.95)

Total: $8,900.55

| | |
|---|---|
| Reduction to Fees Billed: | $988.95 |
| Value of Hours Not Billed: | $69.00 |
| Total Voluntary Reductions: | $1,057.95 |

| | |
|---|---|
| Total Blended Hourly Rate: (Professionals) | $344.98 |
| Total Blended Hourly Rate: (All) | $344.98 |

EXHIBIT C

**Lain, Faulkner & Co., P.C.**
**Centennial Beverage Group, LLC**
**Project Summary**
**For the Period August 1, 2013 through March 12, 2014**

| Project Description | Exhibit | Time Card Hours | Time Card Amount |
|---|:---:|---:|---:|
| Court Hearing/Testimony | E | 1.20 | 510.00 |
| Disclosure Stmt/Plan of Reorganization/Liq Analysis | F | 16.70 | 6,748.50 |
| Financial Analysis Services | G | 2.90 | 1,160.50 |
| Employment/Fee Application | H | 4.80 | 1,470.50 |
| Client Time Not Billed | I | 0.20 | 0.00 |
| Total: | | 25.80 | $ 9,889.50 |

**Exhibit D**

**Lain, Faulkner & Co., P.C.**
**Centennial Beverage Group, LLC**
**Summary Sheet - Court Hearing/Testimony**
**For the Period August 1, 2013 through March 12, 2014**

| Employee | Current Hours Billed | Hourly Rate | Total Amount |
|---|---|---|---|
| Dennis Faulkner | 1.20 | 425.00 | 510.00 |
| | 1.20 | | 510.00 |

**EXHIBIT E**

**Lain, Faulkner & Co., P.C.**
**Daily Log**
**August 1, 2013 THRU March 12, 2014**
**For Services Rendered**

## Centennial Beverage Group, LLC
## Court Hearing/Testimony

| Emp | Date | Description | TimeCard Hours | TimeCard Amount |
|-----|------|-------------|----------------|-----------------|
| DSF | 09/30/13 | Email exchange with Deborah Perry and telecom with Jason Rae regarding coordination for October 1 hearing. | 0.20 | 85.00 |
| DSF | 10/01/13 | Attended hearing; side meetings associated with same. | 1.00 | 425.00 |
| | | **\*Daily Log Total:** | **1.20** | **510.00** |

EXHIBIT E

**Lain, Faulkner & Co., P.C.**
**Centennial Beverage Group, LLC**
**Summary Sheet - Disclosure Stmt/Plan of Reorganization/Liq Analysis**
**For the Period August 1, 2013 through March 12, 2014**

| Employee | Current Hours Billed | Hourly Rate | Total Amount |
|---|---|---|---|
| Dennis Faulkner | 1.40 | 450.00 | 630.00 |
| Dennis Faulkner | 10.50 | 425.00 | 4,462.50 |
| Jason Rae | 4.80 | 345.00 | 1,656.00 |
| | 16.70 | | 6,748.50 |

**EXHIBIT F**

# Lain, Faulkner & Co., P.C.
## Daily Log
## August 1, 2013 THRU March 12, 2014
## For Services Rendered

## Centennial Beverage Group, LLC
## Disclosure Stmt/Plan of Reorganization/Liq Analysis

| Emp | Date | Description | TimeCard Hours | TimeCard Amount |
|---|---|---|---|---|
| DSF | 08/05/13 | Email exchanges regarding coordination with Debtors and secured lender representatives to discuss Plan draft; follow-up with Jason Rae and Deborah Perry regarding same. | 0.20 | 85.00 |
| DSF | 08/07/13 | Email exchanges regarding planning for today's teleconference on Plan issues; reviewed Plan draft and other financial data provided by Debtor in preparation for same. | 0.90 | 382.50 |
| DSF | 08/07/13 | Meeting with Jason Rae and teleconference with Deborah Perry regarding preparation for teleconference today with Debtor and Secured lender counsel on Plan issues. | 1.00 | 425.00 |
| DSF | 08/07/13 | Teleconference with Bob Albergotti, Ian Peck, Frasher Murphy, Matt Ferris, Deborah Perry and Jason Rae regarding Plan draft. | 0.60 | 255.00 |
| JAR | 08/07/13 | Pre-call with Dennis Faulkner; reviewed documents from Debtor and updated Dennis Faulkner regarding same. | 1.20 | 414.00 |
| JAR | 08/07/13 | Status call and follow up regarding same. | 0.50 | 172.50 |
| DSF | 08/28/13 | Reviewed revised Plan budget/claims data; follow-up with Deborah Perry regarding same. | 0.20 | 85.00 |
| DSF | 08/29/13 | Follow-up with Deborah Perry and Jason Rae regarding teleconference to discuss latest Plan projections. | 0.10 | 42.50 |
| JAR | 08/29/13 | Prepared analysis of Debtor's claims summary per counsel's request. | 0.80 | 276.00 |
| DSF | 08/30/13 | Teleconference with Deborah Perry and Jason Rae regarding projections/claims data relevant to Plan; reviewed additional summary data provided by Jason Rae. | 0.40 | 170.00 |
| JAR | 08/30/13 | Continued analysis of claims estimate; prepared for status call regarding same. | 0.70 | 241.50 |
| JAR | 08/30/13 | Participated on status call with Deborah Perry and Dennis Faulkner; follow up regarding summary schedules discussed; identified differences from prior estimates provided by Debtor. | 0.80 | 276.00 |
| DSF | 10/02/13 | Reviewed revised "waterfall" schedules provided by Debtor; exchanges with Deborah Perry regarding follow-up on same. | 0.20 | 85.00 |
| DSF | 10/08/13 | Teleconference with Deborah Perry, Matt Donnell, Ian Peck and Jason Rae regarding waterfall schedule and possible Plan concept; follow-up telecom with Deborah Perry. | 1.00 | 425.00 |
| JAR | 10/08/13 | Follow up with Dennis Faulkner and Deborah Perry regarding waterfall; participated on status call regarding same. | 0.80 | 276.00 |
| DSF | 10/21/13 | Reviewed information on "structured dismissal" as alternative to Plan or conversion; follow-up with Ian Peck and Deborah Perry regarding same. | 0.70 | 297.50 |
| DSF | 11/04/13 | Reviewed revised Plan draft; follow-up with Deborah Perry regarding coordination for meeting with Debtor and counsel. | 0.50 | 212.50 |
| DSF | 11/05/13 | Follow-up exchanges regarding coordinating a meeting on revised Plan draft and additional data request. | 0.10 | 42.50 |

# Lain, Faulkner & Co., P.C.
## Daily Log
## August 1, 2013 THRU March 12, 2014
## For Services Rendered

## Centennial Beverage Group, LLC
## Disclosure Stmt/Plan of Reorganization/Liq Analysis

| Emp | Date | Description | TimeCard Hours | TimeCard Amount |
|-----|------|-------------|----------------|-----------------|
| DSF | 11/05/13 | Telecom with Deborah Perry regarding comments on revised Plan draft and planning for November 6 meeting with Debtor. | 0.30 | 127.50 |
| DSF | 11/06/13 | Reviewed updated real estate summary and waterfall analysis provided by Debtor. | 0.20 | 85.00 |
| DSF | 11/06/13 | Telecom with Deborah Perry regarding planning for today's meeting with Debtor. | 0.20 | 85.00 |
| DSF | 11/06/13 | Meeting with Bob Albergotti, Matt Donnell, Ian Peck and Deborah Perry regarding revised Plan draft; follow-up with Deborah Perry afterwards. | 1.20 | 510.00 |
| DSF | 12/11/13 | Telecom with Deborah Perry regarding Disclosure Statement and Plan issues. | 0.50 | 212.50 |
| DSF | 12/11/13 | Email exchange with Deborah Perry regarding Committee teleconference. | 0.10 | 42.50 |
| DSF | 12/12/13 | Email exchange with Deborah Perry regarding Committee teleconference. | 0.10 | 42.50 |
| DSF | 12/12/13 | Telecom with Deborah Perry regarding Committee teleconference on Plan issues. | 0.30 | 127.50 |
| DSF | 12/13/13 | Telecom with Deborah Perry regarding her conversations with counsel for Bank and Debtor related to Trust; forwarded requested fee data; reviewed exchanges with Matt Donnell regarding same. | 0.40 | 170.00 |
| DSF | 12/16/13 | Reviewed revised Disclosure Statement draft. | 0.20 | 85.00 |
| DSF | 12/16/13 | Telecom with Deborah Perry regarding revised Disclosure Statement and other Plan issues. | 0.30 | 127.50 |
| DSF | 12/17/13 | Telecom with Deborah Perry regarding Committee teleconference on Trust issues; also discussed planning for December 18 hearing; follow-up email exchanges related to same. | 0.30 | 127.50 |
| DSF | 12/18/13 | Telecom with Deborah Perry regarding today's hearing and revised language related to treatment of professional fees; reviewed same; follow-up email exchanges regarding revised footnote. | 0.40 | 170.00 |
| DSF | 12/19/13 | Email exchange with Deborah Perry regarding date for Confirmation Hearing. | 0.10 | 42.50 |
| DSF | 01/23/14 | Telecom with Deborah Perry regarding recent activities impacting Plan; discussed upcoming Confirmation process and work plan related to same. | 0.30 | 135.00 |
| DSF | 01/29/14 | Reviewed inquiry from Deborah Perry regarding tax issue; telecom with Jason Rae regarding same; related email exchanges. | 0.20 | 90.00 |
| DSF | 02/03/14 | Reviewed Witness & Exhibit List for February 6 hearing and revised waterfall analysis; email exchange with Deborah Perry regarding coordination for February 6 hearing. | 0.20 | 90.00 |

# Lain, Faulkner & Co., P.C.
## Daily Log
## August 1, 2013 THRU March 12, 2014
## For Services Rendered

## Centennial Beverage Group, LLC
## Disclosure Stmt/Plan of Reorganization/Liq Analysis

| Emp | Date | Description | TimeCard Hours | TimeCard Amount |
|-----|------|-------------|----------------|-----------------|
| DSF | 02/04/14 | Teleconference with Deborah Perry and Jason Rae regarding planning for Confirmation Hearing (February 6), most recent waterfall analysis and Effective Date timing. | 0.40 | 180.00 |
| DSF | 02/10/14 | Telecom with Deborah Perry regarding results of February 6 Confirmation Hearing. | 0.30 | 135.00 |
| | | **\*Daily Log Total:** | **16.70** | **6,748.50** |

**EXHIBIT F**

**Lain, Faulkner & Co., P.C.**
**Centennial Beverage Group, LLC**
**Summary Sheet - Financial Analysis Services**
**For the Period August 1, 2013 through March 12, 2014**

| Employee | Current Hours Billed | Hourly Rate | Total Amount |
|---|---:|---:|---:|
| Dennis Faulkner | 1.90 | 425.00 | 807.50 |
| Jason Rae | 0.40 | 365.00 | 146.00 |
| Jason Rae | 0.60 | 345.00 | 207.00 |
| | 2.90 | | 1,160.50 |

**EXHIBIT G**

# Lain, Faulkner & Co., P.C.
## Daily Log
## August 1, 2013 THRU March 12, 2014
## For Services Rendered

## Centennial Beverage Group, LLC
## Financial Analysis Services

| Emp | Date | Description | TimeCard Hours | TimeCard Amount |
|-----|------|-------------|---------------:|----------------:|
| DSF | 08/07/13 | Reviewed Cash Variance Report from Debtor and related correspondence. | 0.20 | 85.00 |
| DSF | 08/13/13 | Reviewed Debtor's weekly Cash Variance Report. | 0.10 | 42.50 |
| DSF | 08/27/13 | Reviewed weekly cash variance report. | 0.10 | 42.50 |
| DSF | 09/11/13 | Reviewed weekly cash variance report. | 0.10 | 42.50 |
| DSF | 09/11/13 | Reviewed real estate update from Matt Donnell. | 0.10 | 42.50 |
| JAR | 09/11/13 | Follow up regarding updated activity. | 0.60 | 207.00 |
| DSF | 09/12/13 | Reviewed emails from Greg Wonsmos and Matt Donnell regarding revisions to real estate update. | 0.10 | 42.50 |
| DSF | 09/18/13 | Reviewed Weekly Cash Variance Report. | 0.10 | 42.50 |
| DSF | 09/19/13 | Reviewed Motion for Authority to Terminate Retirement Plan. | 0.10 | 42.50 |
| DSF | 09/30/13 | Reviewed Weekly Cash Variance Report. | 0.10 | 42.50 |
| DSF | 10/01/13 | Reviewed Cash Variance Report for five weeks ended September 29. | 0.10 | 42.50 |
| DSF | 10/02/13 | Follow-up with Ian Peck and Matt Donnell regarding wire transfer. | 0.10 | 42.50 |
| DSF | 10/14/13 | Reviewed weekly Cash Variance Report. | 0.10 | 42.50 |
| DSF | 10/15/13 | Reviewed correspondence from Matt Donnell regarding receipt of $73,000 refund from Texas Workforce Commission. | 0.10 | 42.50 |
| DSF | 10/18/13 | Reviewed three week Cash Variance Report from Debtor. | 0.10 | 42.50 |
| DSF | 10/28/13 | Reviewed weekly Cash Variance Report. | 0.10 | 42.50 |
| DSF | 11/25/13 | Reviewed Cash Variance Report. | 0.10 | 42.50 |
| DSF | 11/26/13 | Reviewed updated Cash Variance Report. | 0.10 | 42.50 |
| DSF | 12/03/13 | Reviewed latest Cash Variance Report. | 0.10 | 42.50 |
| JAR | 01/29/14 | Follow up with Deborah Perry regarding tax payment request. | 0.40 | 146.00 |
| | | **\*Daily Log Total:** | **2.90** | **1,160.50** |

**Lain, Faulkner & Co., P.C.**
**Centennial Beverage Group, LLC**
**Summary Sheet - Employment/Fee Application**
**For the Period August 1, 2013 through March 12, 2014**

| Employee | Current Hours Billed | Hourly Rate | Total Amount |
|---|---|---|---|
| Dennis Faulkner | 0.70 | 425.00 | 297.50 |
| Jason Rae | 1.80 | 345.00 | 621.00 |
| Aniza Rowe | 2.30 | 240.00 | 552.00 |
| | 4.80 | | 1,470.50 |

**EXHIBIT H**

**Lain, Faulkner & Co., P.C.**
**Daily Log**
**August 1, 2013 THRU March 12, 2014**
**For Services Rendered**

## Centennial Beverage Group, LLC
## Employment/Fee Application

| Emp | Date | Description | TimeCard Hours | TimeCard Amount |
|-----|------|-------------|----------------|-----------------|
| ARR | 08/12/13 | Met with Jason Rae regarding First Interim Fee Application. | 0.10 | 24.00 |
| DSF | 08/13/13 | Email exchanges with counsel regarding possible hearing dates for fee applications. | 0.10 | 42.50 |
| JAR | 08/15/13 | Follow up regarding application; staff direction for same. | 0.40 | 138.00 |
| ARR | 08/16/13 | Prepared the First Interim Fee Application. | 0.20 | 48.00 |
| JAR | 08/19/13 | Reviewed and updated comments to fee app. | 0.40 | 138.00 |
| JAR | 08/26/13 | Finalize and transmit; staff direction for same. | 0.40 | 138.00 |
| ARR | 09/05/13 | Prepared the First Interim Fee Application. | 0.20 | 48.00 |
| DSF | 09/05/13 | Reviewed "final" comments from Deborah Perry to Lain, Faulkner fee application; discussed same with Jason Rae. | 0.30 | 127.50 |
| JAR | 09/05/13 | Finalize and transmit application; discussed same with staff. | 0.60 | 207.00 |
| DSF | 09/06/13 | Reviewed exchanges between Mike Sutherland, Deborah Perry and Ian Peck regarding Graham Mortgage claim and pending fee applications. | 0.20 | 85.00 |
| DSF | 09/19/13 | Follow-up with Deborah Perry regarding pending fee applications and administrative claim of Graham Mortgage. | 0.10 | 42.50 |
| ARR | 10/01/13 | Prepared file for First Interim Fee Application. | 0.10 | 24.00 |
| ARR | 02/25/14 | Prepared the Second and Final Fee Application. | 0.20 | 48.00 |
| ARR | 02/26/14 | Corresponded with Deborah Perry regarding final fee applications to be filed. | 0.20 | 48.00 |
| ARR | 03/12/14 | Prepared initial draft of the Second and Final Fee Application. | 1.30 | 312.00 |
| | | **\*Daily Log Total:** | **4.80** | **1,470.50** |

**Lain, Faulkner & Co., P.C.**
**Centennial Beverage Group, LLC**
**Summary Sheet - Client Time Not Billed**
**For the Period August 1, 2013 through March 12, 2014**

| Employee | Current Hours Billed | Hourly Rate | Total Amount |
|---|---|---|---|
| Jason Rae | 0.20 | 0.00 | 0.00 |
| | **0.20** | | **0.00** |

**EXHIBIT I**

## Centennial Beverage Group, LLC
## Client Time Not Billed

| Emp | Date | Description | TimeCard Hours | TimeCard Amount |
|-----|------|-------------|----------------|-----------------|
| JAR | 10/09/13 | Follow up regarding administrative balances. | 0.20 | 0.00 |
| | | *Daily Log Total: | 0.20 | 0.00 |

**EXHIBIT I**

# LAIN, FAULKNER & CO., P.C.
## Centennial Beverage Group, LLC
## Summary Sheet - Expenses Incurred
## For the Period August 1, 2013 through March 12, 2014

| Expense Item | Rate | Total |
|---|---|---|
| Parking & Tolls | At Cost | $ 10.00 |
| | | $ 10.00 |

**Copies (in-house) and telecopies are billed at $0.20 per page. Transportation is currently billed at $0.560 per mile. All other expenses requested are billed at cost. All requested expenses are necessary, reasonable, economical and customarily charged to non-bankruptcy clients of Applicant.**

| Client ID | Date | Employee | Svc | Hours | Rate | Amount | TimeCard Description |
|-----------|------|----------|-----|-------|------|--------|----------------------|
| CB1229 | 10/02/2013 | DSF02 | 66 | *** Expense *** | | 10.00 | Courthouse - parking |
| | | *Client Expenses | | | | $ 10.00 | |
| | | ** Register Expenses | | | | $ 10.00 | |

**EXHIBIT J**