Robert D. Albergotti – TBN 00969800
Ian T. Peck – TBN 24013306
Jarom J. Yates – TBN 24071134
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(t) 214.651.5000; (f) 214.651.5940
robert.albergotti@haynesboone.com
ian.peck@haynesboone.com
jarom.yates@haynesboone.com

**ATTORNEYS FOR THE
DEBTOR-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CENTENNIAL BEVERAGE GROUP, LLC | § | Case No. 12-37901-bjh-11 |
| | § | |
| Debtor. | § | |

## FINAL FEE APPLICATION COVER SHEET

### UNPAID FEES AND EXPENSES FOR CURRENT PERIOD
### (August 1, 2013 Through March 12, 2014)

Final Fee Approval of:        Haynes and Boone, LLP

Capacity:        Counsel for the Debtor

Time Period:        August 1, 2013 through March 12, 2014 ("Current Period")

Bankruptcy Petition Filed on:        December 17, 2012

Date of Entry of Retention Order:        February 2, 2013        Status of Case:  Open
        (Effective as of December 17, 2012)

**Amount Requested:**

| | | **Reductions:** | |
|---|---|---|---|
| Fees: | $202,969.80 | Voluntary Fee Reductions | $0.00 |
| Expenses: | $8,079.62 | Expense Reductions: | $0.00 |
| Other: | $0.00 | | |
| **Total:** | **$211,049.42** | **Total Reductions:** | **$0.00** |

| **Draw Down Request:** | | **Expense Detail[1]:** | |
|---|---|---|---|
| Retainer Received: | $124,766.60 | Support Vendors / Outside Copying & Printing/ Reprographic & Binding Service | $4,248.14 |
| Previous Draw Down(s): | $124,766.60 | Lexis | $2,170.69 |
| Remaining Retainer (now): | $0.00 | Postage | $1,322.18 |
| Requested Draw Down: | $0.00 | | |
| Retainer Remaining (after) | $0.00 | | |

| **Hourly Rates:** | **Attorney:** | **Paralegal/Clerical:** |
|---|---|---|
| Highest Billed Rate: | $810.00 | $234.00 |
| Total Hours Billed: | 355.30 | 173.30 |
| Blended Rate: | $457.77 | $232.69 |

---

[1] Categories of expenses in excess of $500 are listed here. See Exhibit 3 for complete listing of all expenses incurred by the Applicant during the Current Period.

**UNPAID FEES AND EXPENSES FOR ENTIRE APPLICATION PERIOD**
**(December 17, 2012 Through March 12, 2014)**

| | |
|---|---|
| Final Fee Approval of: | Haynes and Boone, LLP |
| Capacity: | Counsel for the Debtor |
| Time Period: | December 17, 2012 through March 12, 2014 ("Application Period") |
| Bankruptcy Petition Filed on: | December 17, 2012 |
| Date of Entry of Retention Order: | February 2, 2013    Status of Case: Open |
| | (Effective as of December 17, 2012) |

| **Amount Requested:** | | **Reductions:** | |
|---|---|---|---|
| Fees: | $947,620.80 | Voluntary Fee Reductions[2] | $53,711.10 |
| Expenses: | $45,010.99 | Expense Reductions[3]: | $330.00 |
| Other: | $0.00 | | |
| **Total:** | **$992,631.79** | **Total Reductions:** | **$54,041.10** |

| **Draw Down Request:** | | **Expense Detail[4]:** | |
|---|---|---|---|
| Retainer Received: | $124,766.60 | Support Vendors / Outside Copying & Printing/ Reprographic & Binding Service | $32,228.26 |
| Previous Draw Down(s): | $124,766.60 | Lexis | $3,317.54 |
| Remaining Retainer (now): | $0.00 | Postage | $2,331.46 |
| Requested Draw Down: | $0.00 | Outside Search Fee | $2,219.26 |
| Retainer Remaining (after) | $0.00 | Federal Express | $1,754.85 |
| | | Filing Fee Expense | $1,213.00 |
| Pre-paid Funds not yet applied (sellers' counsel fees from sale of Debtor's headquarters) | $25,000.00 | Electronic Data Copies Black & White (per page cost and total): | 11,467 @ $0.06 = $688.02 |

| **Hourly Rates:** | **Attorney:** | **Paralegal/Clerical:** |
|---|---|---|
| Highest Billed Rate: | $810.00 | $234.00 |
| Total Hours Billed: | 1,718.70 | 436.90 |
| Blended Rate: | $492.01 | $233.48 |

---

[2] See paragraph 24 of the Application for a detailed description of the Applicant's voluntary fee reductions.
[3] See paragraph 28 of the Application for a detailed description of the Applicant's voluntary expense reductions.
[4] Categories of expenses in excess of $500 are listed here. See Exhibit 3 for complete listing of all expenses incurred by the Applicant during the Application Period.

**<u>Recap:</u>**

| | |
|---|---|
| Total Fees and Expenses from December 17, 2012 to March 12, 2014: | $992,631.79 |
| Less: Payments Received (including draw down of $124,766.60 Retainer): | $152,375.00 |
| Less: Prepaid Funds not yet applied (sellers' counsel fees from sale of Debtor's headquarters): | $25,000.00 |
| Total Amount Requested to Be Paid: | $815,256.79 |

Robert D. Albergotti – TBN 00969800
Ian T. Peck – TBN 24013306
Jarom J. Yates – TBN 24071134
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(t) 214.651.5000; (f) 214.651.5940
robert.albergotti@haynesboone.com
ian.peck@haynesboone.com
jarom.yates@haynesboone.com

**ATTORNEYS FOR THE
DEBTOR-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CENTENNIAL BEVERAGE GROUP, LLC | § | Case No. 12-37901-bjh-11 |
| | § | |
| Debtor. | § | |

### SUMMARY FOR THE SECOND AND FINAL APPLICATION OF HAYNES AND BOONE, LLP, ATTORNEYS FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

**I.**    **CLIENT:**  Centennial Beverage Group, LLC, Debtor

**II.**    **REQUESTING APPLICANT/FIRM:**  Haynes and Boone, LLP, Counsel for Debtor

**III.**    **TOTAL AMOUNT OF FEES AND EXPENSES REQUESTED:**

**Current Period (August 1, 2013 – March 12, 2014):**
| | | |
|---|---|---|
| a. | Unpaid Fees: | $202,969.80 |
| b. | Unpaid Expenses: | $8,079.62 |

**Application Period (December 17, 2012 – March 12, 2014):**
| | | |
|---|---|---|
| c. | Total Fees: | $947,620.80 |
| d. | Total Expenses: | $45,010.99 |
| e. | Pre-petition retainer, if any:  $124,766.60 | |
| f. | Pre-paid Funds not yet applied  (sellers' counsel fees in connection with sale of Debtor's headquarters) | $25,000.00 |
| f. | Time period covered:  December 17, 2012 – March 12, 2014 | |
| g. | Payments received to date: $152,375.00 (including $124,766.60 Retainer) | |

| SUMMARY OF TOTAL FEES FOR ALL BILLING PROFESSIONALS (Ranked by Total Hours Worked During the Entire Application Period) | | | | |
|---|---|---|---|---|
| **Name** | **Position/Year Admitted to Practice** | **Hourly Rate[1]** | **Total Hours** | **Total Fees** |
| Ian T. Peck | Partner - 1999 | $535.50 | 746.30 | $399,643.65 |
| Jarom Yates | Associate - 2009 | $324.00 | 490.50 | $158,922.00 |
| Kim Morzak | Paralegal – N/A | $234.00 | 435.30 | $101,860.20 |
| Robert D. Albergotti | Partner/Senior Counsel - 1976 | $810.00 | 261.40 | $211,734.00 |
| Bradley Holdbrook | Associate - 2011 | $265.50 | 93.30 | $24,771.15 |
| John Middleton | Associate - 2007 | $369.00 | 66.40 | $24,501.60 |
| Keenan Kolendo | Partner – 2003 | $450.00 | 40.50 | $18,225.00 |
| Marcus Perkins | Associate – 2012 | $265.50 | 8.20 | $2,177.10 |
| Autumn D. Highsmith | Associate – 2005 | $427.50 | 7.00 | $2,992.50 |
| Susan A. Wetzel | Partner – 1997 | $562.50 | 3.00 | $1,687.50 |
| Charlotte Young | Staff – N/A | $99.00 | 1.40 | $138.60 |
| Tiffany Walker | Of Counsel – 2002 | $472.50 | 0.70 | $330.75 |
| Tom Tippetts | Associate – 2006 | $387.00 | 0.50 | $193.50 |
| Matthew L. Fry | Associate - 2007 | $369.00 | 0.40 | $147.60 |
| Paul H. Amiel | Partner - 1982 | $643.50 | 0.30 | $193.05 |
| David Bell | Partner - 2002 | $468.00 | 0.20 | $93.60 |
| Tina Hurley | Staff – N/A | $45.00 | 0.20 | $9.00 |
| **TOTALS** | | | **2,155.60** | **$947,620.80** |

MINIMUM FEE INCREMENTS:   0.10 hours

---

[1] The hourly rates for all professionals represent a 10% reduction from the Applicant's standard 2012 hourly rates.

Robert D. Albergotti – TBN 00969800
Ian T. Peck – TBN 24013306
Jarom J. Yates – TBN 24071134
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(t) 214.651.5000; (f) 214.651.5940
robert.albergotti@haynesboone.com
ian.peck@haynesboone.com
jarom.yates@haynesboone.com

**ATTORNEYS FOR THE
DEBTOR-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CENTENNIAL BEVERAGE GROUP, LLC | § | Case No. 12-37901-bjh-11 |
| | § | |
| Debtor. | § | |

### SECOND AND FINAL APPLICATION OF HAYNES AND
### BOONE, LLP, ATTORNEYS FOR THE DEBTOR, FOR ALLOWANCE
### OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

HAYNES AND BOONE, LLP (the "*Applicant*"), counsel for Centennial Beverage Group, LLC ("*Centennial*" or the "*Debtor*"), files this Second and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses (the "*Application*").

This Application requests final approval of fees in the amount of $947,620.80 and expenses in the amount of $45,010.99 for the entire case (the period December 17, 2012 through March 12, 2014) (the "*Application Period*"). This amount includes fees in the amount of $202,969.80 and expenses in the amount of $8,079.62 incurred during the period from August 1, 2013 through March 12, 2014 (the "*Current Period*") which were not included in the Applicant's First Interim Fee Application. This Application also requests final approval and payment of any fees and expenses incurred after March 12, 2014 in connection with the consummation of the Plan and preparation of this Application. The Applicant requests payment of all approved and unpaid fees and expenses incurred during the Application

Period to the extent funds are available. An explanation of the availability of funds for payment of professionals is discussed in paragraphs 29 - 33 herein.

Part I of this Application is an introductory section. Part II of the Application discusses the Applicant's retainer and any amounts previously received by the Applicant.

Parts III and IV of this Application provide a detail of the services rendered and expenses advanced by the Applicant during the Current Period, which amounts were not included in the Applicant's First Interim Fee Application. Theses sections of the Application also provide an explanation of Exhibits 1 through 3, and Schedules A through R, which detail the services rendered to and expenses advanced on behalf of the Debtor during the Current Period.[2]

Part V explains the factors that the Court should consider in determining the amount of compensation that is reasonable for the Applicant's services in this case.

## I.

## INTRODUCTION & BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. This Application is made pursuant to Section 330 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) (the "***Bankruptcy Code***").

3. On December 17, 2012 (the "***Petition Date***"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court.

4. No trustee or examiner has been appointed in this chapter 11 case.

5. A committee of unsecured creditors (the "***Committee***") was appointed by the United States Trustee on December 27, 2012 [Docket No. 66].

6. The Debtor continued in possession of its property pursuant to Bankruptcy Code §§ 1107 and 1108 until March 12, 2014, the Effective Date (the "***Effective Date***") of the Second Amended Plan of

---

[2] Schedules A through R are voluminous and will not be attached to the service copies of the Application. Copies of Schedules A through R can be obtained by contacting Kim Morzak, Paralegal, at 214.651.5420 or via e-mail at kim.morzak@haynesboone.com.

Liquidation for Centennial Beverage Group, LLC Under Chapter 11 of the United States Bankruptcy Code (the "**Plan**").

7. The Debtor filed its Application Under Section 327(a) of the Bankruptcy Code to Approve the Employment and Retention of Haynes and Boone, LLP as Attorneys for the Debtor [Docket No. 125] (the "**Retention Application**"), along with the Declaration of Robert Albergotti in support thereof attached as Exhibit A thereto. On February 2, 2013, the Court entered an order authorizing the Applicant's retention as attorneys for the Debtor [Docket No. 201] (the "**Retention Order**").

## II.

### STATEMENT AND REQUEST FOR FINAL APPROVAL OF ALL PREVIOUSLY PAID FEES AND EXPENSES

8. The Applicant received from the Debtor a retainer in the amount of $124,766.60 (the "**Retainer**"), which was placed in trust. The Retainer was a general retainer for pre- and post-petition services and expenses rendered and to be rendered to the Debtor in connection with the chapter 11 proceedings.

9. This is the Applicant's second and final application for allowance of compensation and reimbursement of expenses. The Applicant's First Interim Fee Application covered the period December 17, 2012 through July 31, 2013 and requested approval of $744,651.00 in fees for 1,627.00 hours of services rendered and reimbursement of out-of-pocket expenses in the amount of $36,931.37, as well as authority to apply the Retainer toward the allowed compensation.

10. The Agreed Final Order (I) Authorizing the Debtor's Use of Cash Collateral and (II) Granting Adequate Protection (the "**Final Cash Collateral Order**") [Docket No. 191] provided for a carve-out, not to exceed $300,000, of which $200,000 would be subject to recovery by the Debtor's professionals and the U.S. Trustee for statutory fees (the "**Carve-Out**"). The Final Cash Collateral Order provided that the Carve-Out would be reduced dollar for dollar by the amount of any retainer balance held by any Debtor Professional.

11. On October 11, 2013, this Court held a hearing on the First Interim Fee Application, and entered an order (i) granting approval of the Applicant's fees in the amount of $744,651.00 and expenses in the amount of $36,931.37, (ii) authorizing the Applicant to draw down the Retainer in its entirety, and (iii) authorizing payment to the Applicant from the Carve-Out in the amount of $27,608.40.

12. The Applicant has not been paid any amounts for its fees for services rendered or expenses advanced during the Current Period.

**III.**

**REQUEST FOR FINAL APPROVAL AND PAYMENT OF
ALL FEES AND EXPENSES FOR THE CURRENT PERIOD**

13. In addition to final approval of the amounts set forth in the First Interim Fee Application, the Applicant seeks final approval and payment of fees and expenses (to the extent funds are available, as discussed in paragraphs 29 - 33 below) incurred during the Current Period in the amounts of $202,969.80 and $8,079.62 respectively. The Applicant has attached the Exhibits listed below in connection with the approvals sought herein.

14. Exhibit 1 contains a summary of total fees and expenses per matter during the Current Period. Exhibit 1 also contains a summary of the Applicant's total fees and expenses per matter during the entire Application Period.

15. Exhibit 2 contains a summary of total fees billed and hours devoted by each professional for the Current Period. Exhibit 2 also contains a summary of total fees billed and hours devoted by each professional for the entire Application Period.

16. Exhibit 3 contains a summary by expense category of total expenses for the Current Period. Exhibit 3 also contains a summary by expense category of total expenses for the entire Application Period.

17. Schedules A through R are the detailed Fee Statements, organized by matter number, of legal services performed by the Applicant during the Current Period. Portions of the Fee Statements have been redacted to protect privilege for matters involving pending disputes. These Fee Statements describe

the specific legal services performed by the Applicant during the Current Period for each matter. Specifically, Schedules A through R detail:

      a.      the date the services were rendered,

      b.      by whom the services were rendered,

      c.      the nature of the services rendered,

      d.      the time required for the performance of such services, and

      e.      the fee associated for the performance of each service rendered.

Schedule O contains a summary of the out-of-pocket expenses incurred by the Applicant, along with an itemization, in date order, for each out-of-pocket expense incurred.

18.     All services performed by the Applicant's professionals were recorded in time increments of one tenth (0.10) of an hour.

19.     All services performed by the Applicant's paralegals and professional support staff were professional in nature and, if not performed by the paraprofessionals, would have been performed by attorneys.

20.     Applicant is cognizant of the fact that compensation will be paid to lawyers only for legal work, and the dollar value of a particular task is not enhanced simply because a lawyer performed the task. Therefore, considerable care has been taken by the Applicant to use paraprofessionals and staff members to perform purely ministerial tasks as opposed to using lawyers to perform such tasks.

21.     Applicant worked to restrict the number of lawyers involved in this case so as to (a) maximize familiarity with the subject matter and avoid waste or duplicate efforts; (b) employ special expertise in a given field of law when necessary to do the best job possible with the least amount of effort; and (c) assign the performance of all tasks to the least senior lawyer capable of performing it consistent with sound legal representation and supervision. At times, a small amount of time was spent on these cases by persons with expertise relevant to a specific issue in these cases.

## IV.

## SERVICES RENDERED BY APPLICANT DURING
## CURRENT (SECOND APPLICATION) PERIOD

22.     In accordance with the U.S. Trustees' Compensation Guidelines effective February 1,

1994, the Applicant has segregated its time and expenses into the following matter categories (amounts

are for the Current Period, August 1, 2013 – March 12, 2014):

| BILLING CATEGORIES (Current Period) | | |
|---|---|---|
| **Matter Name** | **Number of Hours** | **Amount of Fees** |
| Case Administration | 16.00 | $4,093.20 |
| First Day Matters | 0.00 | $0.00 |
| Cash Collateral DIP Financing | 14.50 | $6,551.10 |
| Creditor Issues/Claims Administration | 38.80 | $13,405.50 |
| Professional Fees & Retention Matters | 50.50 | $15,417.90 |
| Asset Sales/Dispositions | 11.80 | $4,342.50 |
| Employee Issues | 0.80 | $187.20 |
| Executory Contract and Lease Issues | 0.00 | $0.00 |
| Tax Issues | 19.20 | $6,827.85 |
| Corporate Issues | 0.00 | $0.00 |
| Litigation | 0.90 | $481.95 |
| TABC/Regulatory Issues | 0.00 | $0.00 |
| Discovery and Investigation | 0.00 | $0.00 |
| Plan & Disclosure Statement | 337.80 | $133,735.50 |
| Pension Issues | 23.30 | $9,781.65 |
| Leprechaun's Choice | 0.20 | $93.60 |
| Subsidiary Asset Disposition | 14.80 | $8,051.85 |
| **TOTALS:** | **528.60** | **$202,969.80** |

23.     Set out below is a narrative explanation, broken down by matter, of the services

performed by the Applicant during the Current Period:

**A.     Case Administration (Schedule A):**

    a.     Preparation of general pleadings and attendance at hearings;

    b.     Maintenance of document database containing pleadings, proofs of claims, leases, and additional documents;

    c.     Maintenance of public website containing pleadings and creditor updates; and

    d.     Various additional tasks which did not appear to justify a unique billing number to track the fees with more specificity.

| CASE ADMINISTRATION | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Kim Morzak | 14.00 | $3,276.00 |
| Jarom J. Yates | 1.20 | $388.80 |
| Ian T. Peck | 0.80 | $428.40 |
| **TOTALS:** | **16.00** | **$4,093.20** |

**B.**     **First Day Matters (Schedule B):**

       No fees were billed to this matter during the Current Period.

**C.**     **Cash Collateral/DIP Financing (Schedule C):**

      a.     Negotiations with secured creditor to obtain multiple stipulations extending Debtor's use of cash collateral; and

      b.     Assist Debtor in preparation of budgets for cash collateral extensions.

| CASH COLLATERAL/DIP FINANCING | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Ian T. Peck | 10.60 | $5,676.30 |
| Kim Morzak | 3.70 | $865.80 |
| Tina Hurley | 0.20 | $9.00 |
| **TOTALS:** | **14.50** | **$6,551.10** |

**D.**     **Creditor Issues/Claims Administration (Schedule D):**

      a.     Numerous telephone calls and correspondence from creditors, landlords and other interested parties regarding case status;

      b.     Review and analyze claims filed by various creditors; and

      c.     Address issues involving administrative claims by various creditors.

| CREDITOR ISSUES/CLAIMS ADMINISTRATION | | |
|---|---|---|
| PROFESSIONAL | NUMBER OF HOURS | COMPENSATION REQUESTED |
| Jarom J. Yates | 20.90 | $6,771.60 |
| Kim Morzak | 8.50 | $1,989.00 |
| Ian T. Peck | 5.20 | $2,784.60 |
| Autumn D. Highsmith | 3.90 | $1,667.25 |
| Paul H. Amiel | 0.30 | $193.05 |
| **TOTALS:** | **38.80** | **$13,405.50** |

E.   **Professional Fee & Retention Matters (Schedule E):**

a.      Prepare pleadings and attend hearing in connection with retention of BYGH Tax Consulting and expanded retention of Montgomery Coscia Greilich;

b.      Draft and file interim fee applications for RGS, LLC and the Applicant; and

c.      Prepare for and attend hearing on first interim fee applications of case professionals.

| PROFESSIONAL FEE & RETENTION MATTERS | | |
|---|---|---|
| PROFESSIONAL | NUMBER OF HOURS | COMPENSATION REQUESTED |
| Kim Morzak | 35.40 | $8,283.60 |
| Ian T. Peck | 10.60 | $5,676.30 |
| Jarom J. Yates | 4.50 | $1,458.00 |
| **TOTALS:** | **50.50** | **$15,417.90** |

F.   **Asset Sales/Dispositions (Schedule F):**

a.      Negotiations with Cheers Spirits & Liquor regarding closing of store sale transaction;

b.      Review issues related to assignment and assumption of leases and contracts and prepare related pleadings; and

c.      Draft pleadings relating to the sales of certain of the Debtor's assets including Dallas Cowboys season tickets and seat licenses.

| ASSET SALES/DISPOSITIONS | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Jarom J. Yates | 6.00 | $1,944.00 |
| Ian T. Peck | 3.20 | $1,713.60 |
| Kim Morzak | 2.10 | $491.40 |
| Tom Tippetts | 0.50 | $193.50 |
| **TOTALS:** | **11.80** | **$4,342.50** |

**G.** **Employee Issues (Schedule G):**

    a.    Analyze various notices received from the Texas Workforce Commission and coordinate with Debtor regarding same.

| EMPLOYEE ISSUES | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Kim Morzak | 0.80 | $187.20 |
| **TOTALS:** | **0.80** | **$187.20** |

**H.** **Executory Contract and Lease Issues (Schedule H):**

    No fees were billed to this matter during the Current Period.

**I.** **Tax Issues (Schedule I):**

    a.    Communicate with taxing authorities, tenants, and landlords regarding various tax issues;

    b.    Analyze tax liabilities in connection with various assets sales; and

    c.    Analyze availability of Section 505 for tax redetermination.

| TAX ISSUES | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Jarom J. Yates | 11.90 | $3,855.60 |
| Ian T. Peck | 3.10 | $1,660.05 |
| Autumn D. Highsmith | 2.40 | $1,026.00 |
| Charlotte Young | 1.40 | $138.60 |
| Matthew L. Fry | 0.40 | $147.60 |
| **TOTALS:** | **19.20** | **$6,827.85** |

**J.** **Corporate Issues (Schedule J):**

No fees were billed to this matter during the Current Period.

**K.** **Litigation (Schedule K):**

a. Analyze effect of state court litigation prosecuted by National Retail Properties against Debtor's parent.

| LITIGATION | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Ian T. Peck | 0.90 | $481.95 |
| **TOTALS:** | **0.90** | **$481.95** |

**L.** **TABC/Regulatory Issues (Schedule L):**

No fees were billed to this matter during the Current Period.

**M.** **Discovery and Investigation (Schedule M):**

No fees were billed to this matter during the Current Period.

**N.** **Plan & Disclosure Statement (Schedule N):**

a. Plan negotiation with secured lender and Committee and preparation of amended plan of liquidation and disclosure statement;

b. Analyze projections for various liquidation scenarios;

c. Prepare, file and attend hearing on motion to approve disclosure statement and solicitation procedures;

d. Prepare and coordinate distribution of packages to solicit acceptances on plan and act as balloting agent for tabulation of ballots;

e. Negotiations with various creditors regarding objections to confirmation of the plan;

f. Prepare and file plan supplement;

g. Prepare for and attend hearing on confirmation of the plan of liquidation; and

h. Assist Debtor in resolving all conditions required to be met for Effective Date of plan.

| PLAN & DISCLOSURE STATEMENT | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Ian T. Peck | 108.70 | $58,208.85 |
| Kim Morzak | 104.10 | $24,359.40 |
| Jarom J. Yates | 102.50 | $33,210.00 |
| Robert D. Albergotti | 21.80 | $17,658.00 |
| Autumn D. Highsmith | 0.70 | $299.25 |
| **TOTALS:** | **337.80** | **$133,735.50** |

**O.**     **Expenses (Schedule O):**

This category is used solely to track expenses. The Applicant did not incur any *fees* under this category during the Application Period. See paragraphs 26 through 28 herein for a detailed description of the expenses incurred by the Applicant during the Current Period.

**P.**     **Pension Issues (Schedule P):**

a.     Draft and file motion to terminate employee pension plan; and

b.     Communications with PBGC regarding termination of the employee pension plan and other matters relating to the PBGC claims.

| PENSION ISSUES | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Jarom J. Yates | 8.50 | $2,754.00 |
| Ian T. Peck | 8.00 | $4,284.00 |
| Kim Morzak | 3.10 | $725.40 |
| Susan A. Wetzel | 3.00 | $1,687.50 |
| Tiffany Walker | 0.70 | $330.75 |
| **TOTALS:** | **23.30** | **$9,781.65** |

**Q.**     **Leprechaun's Choice (Schedule Q):**

a.     Oversee intellectual property registration certificate regarding Debtor's Leprechaun's Choice trademark in connection with Spec's sale.

| LEPRECHAUN'S CHOICE | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| David Bell | 0.20 | $93.60 |
| **TOTALS:** | **0.20** | **$93.60** |

R. **Subsidiary Asset Disposition (Schedule R):**

    a.      Communications with Committee and secured creditor concerning status of real estate sales;

    b.      Address issues concerning potential inability to close real estate sales; and

    c.      Address issues concerning Cheers' non-payment of rent.

| SUBSIDIARY ASSET DISPOSITION | | |
|---|---|---|
| **PROFESSIONAL** | **NUMBER OF HOURS** | **COMPENSATION REQUESTED** |
| Ian T. Peck | 13.10 | $7,015.05 |
| Robert D. Albergotti | 1.00 | $810.00 |
| Jarom J. Yates | 0.70 | $226.80 |
| **TOTALS:** | **14.80** | **$8,051.85** |

24.      The Retention Application provided that the hourly rates of Messrs. Albergotti, Peck and Middleton and Ms. Morzak, the three attorneys and paralegal who billed the most amount of time to this case, would be voluntarily reduced by 10% off the standard billing rates. Although not required by such agreement, Applicant voluntarily reduced the billing rates of all of its professionals and paraprofessionals by 10% of their standard 2012 billing rates. Haynes and Boone increased the standard hourly rates charged to other clients effective January 1, 2013 and again January 1, 2014; however, the Applicant maintained its 2012 billing rates (less 10%) for this case during the entire Application Period. The Applicant also voluntarily wrote off 141.0 hours of professional time for $53,711.10 in fees on the Applicant's First Interim Fee Application.

25.      The Applicant incurred additional fees after March 12, 2014 in connection with the preparation of this Application. Haynes and Boone reserves the right to file a supplement prior to the hearing on this Application for any additional fees and/or expenses incurred in connection with the preparation, service and hearing on this Application.

## EXPLANATION OF EXPENSES

26.      The out-of-pocket expenses incurred by the Applicant during the Current Period are detailed on the Fee Statement attached as Schedule O. The Fee Statement contains a summary of the out-

of-pocket expenses incurred and an itemization, in date order, of those out-of-pocket expenses.  Exhibit 3 summarizes all of the Applicant's expenses by category.  Expenses for filing fees, postage, outside copy costs, computerized legal research, and courier services are billed at actual cost.  In-house electronic data charges are billed at $0.06 per page, and in-house copy charges are billed at $.15 per page.  The Applicant does not charge for its long distance telephone calls.  No request is made for standard overhead expenses.

27.    Messenger services and overnight delivery charges were necessary when regular mail would not be fast enough to complete the task in a timely manner.  Computerized research was used only when a professional believed that the benefits of such method outweighed the cost and that the costs would be less than those incurred in utilizing more traditional research methods.

28.    Since the filing of this chapter 11 case, the Applicant has voluntarily written off approximately $330.00 in out-of-pocket expenses.  These write-offs, which were taken on the Applicant's First Interim Fee Application, include secretarial overtime and certain office expenses.

## EXPLANATION OF AVAILABILITY OF FUNDS FOR PAYMENT OF PROFESSIONALS

29.    The Order Confirming Second Amended Plan of Liquidation for Centennial Beverage Group, LLC Under Chapter 11 of the United States Bankruptcy Code [Docket No. 421] (the "*Confirmation Order*") provided that on the Effective Date, the Liquidation Trustee would establish a Professional Fee Reserve (the "*Professional Fee Reserve*"), which would consist of all funds owned by the Debtor on the Effective Date other than those to be placed into the Confirmation Claim Reserve[3] and $100,000 transferred to the Liquidation Trust to fund the activities of the Liquidation Trust.

30.    To the extent necessary to satisfy the claims of other creditors required to be paid pursuant to Bankruptcy Code Section 1129(a)(9), Haynes and Boone, LLP, Munsch Hardt Kopf & Harr PC, Lain Faulkner & Co., PC, and RGS, LLC (the "*Subordinating Professionals*") agreed to subordinate their Allowed Administrative Expense Claims to all Allowed Secured Claims, and Allowed Claims required to be paid pursuant to section 1129(a)(9).

---

[3] All terms described in this section not otherwise defined shall have the definition ascribed to them in the Plan.

31. Until the unpaid portions of the Allowed Administrative Expense Claims of the Subordinating Professionals have been paid in full, 50% of the distributions from the Liquidation Trust of funds recovered after the Effective Date will be remitted to the professional firms, with the remaining 50% to be distributed to holders of Allowed General Unsecured Claims pursuant to the Plan. To the extent that any funds held in the Confirmation Claim Reserve are greater than is needed to pay all Allowed Secured, Administrative and Priority Claims identified in Bankruptcy Code Section 1129(a)(9), those funds shall be placed in the Professional Fee Reserve and will not be subject to the sharing agreement with the Allowed General Unsecured Claims. The sharing agreement between the Subordinating Professionals and holders of Allowed General Unsecured Claims is only with respect to funds recovered by the Liquidation Trustee after the Effective Date. In addition, if any portion of the $100,000 to be transferred to the Liquidation Trust to fund the activities of the Liquidation Trust is distributed to holders of Claims, the Subordinating Professionals will be entitled to payment of 50% of any such distribution to satisfy any remaining Allowed Professional Fee Claims.

32. At this time, the Professional Fee Reserve has a balance of approximately $228,000.

33. The Applicant is currently holding $25,000 from the $4.8 million total sale price from the sale of the Debtor's headquarters (the "*Sale Proceeds*"). This portion of the Sale Proceeds were earmarked at closing to pay the Applicant's fees and expenses incurred in connection with the headquarters sale. The Applicant has continued to hold the Sale Proceeds pending this Court's approval to apply them to the Applicant's outstanding fees and expenses.

## V.

## **FACTORS FOR CONSIDERATION BY COURT**

34. Pursuant to the decisions of the United States Court of Appeals for the Fifth Circuit in *In re Lawler*, 807 F.2d 1207 (5th Cir. 1987), *Cooper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087 (5th Cir. 1982), *In re First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir. 1977), and *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Applicant requests that the Court consider the factors set

forth below in determining the reasonableness of amount of compensation for the Applicant's services in this case.

      A.      <u>TIME AND LABOR REQUIRED</u>.

The Applicant's partners, associates, paralegals and professional support staff expended 2,155.60 hours in representing the Debtor during the entire Application Period, at an average hourly rate of $439.61 including paraprofessionals and $492.01 excluding paraprofessionals. The Applicant's records of the time expended in the rendition of professional services for the Debtor, as well as for all of its other clients, consist of daily time entries by individual attorneys, paralegals and professional support staff that are then placed in computer records. The Applicant believes that the detail of <u>Schedules A</u> through <u>R</u> show that its request for compensation is reasonable. All of the services specified in <u>Schedules A</u> through <u>R</u> were necessary for the Debtor to perform its statutory duties and fulfill its fiduciary obligations.

All professionals involved in the rendering of services in this proceeding made a deliberate effort to avoid any unnecessary duplication of work and time expended. In certain instances, conferences and/or collaborations were necessary among attorneys or between paralegals and attorneys. This was required because of the often complex nature of the pleadings being drafted and the many different matters going on at any one time. Where more routine tasks were involved, the Applicant used the talents of its paralegals and professional support staff to reduce the total fees in these cases without sacrifice to the quality of the services rendered.

Attorneys and paralegals, besides a core group of approximately three attorneys and one paralegal, were used on an "as needed" basis. The Applicant's effective representation of the Debtor required the participation of more experienced attorneys to consider the ramifications of the planned courses of action and related pleadings. The use of specialists in certain areas of law, including corporate, real estate, tax and employee benefits law, enabled the Applicant to keep the costs down for the estates. It also enabled the Applicant to advise the Court that the Debtor had made informed decisions regarding the matter at issue and, hopefully, assisted the Court by

providing important and relevant information that will ultimately benefit the estate. In the end, the actual cost to the estates was less than if a bankruptcy lawyer had tried to learn other substantive areas of the law relating to and affecting this Debtor.

B.     <u>NOVELTY AND DIFFICULTY OF ISSUES</u>.

Some of the issues involved in this case were unusual and difficult and involved areas of law which had to be carefully considered by the Applicant, including unique vendor issues created by retail liquor laws. Moreover, the limited value of the Debtor's assets made obtaining a consensual plan confirmation challenging.

C.     <u>THE SKILL REQUIRED TO PERFORM THE LEGAL SERVICES PROPERLY</u>.

The Applicant effectively and efficiently utilized the various levels of experience and seniority of its attorneys and paralegals to meet the requirements of the tasks that were presented and provide assistance to the Debtor. The Applicant believes that it displayed a high degree of professional skill with respect to both standard and novel problems encountered during the Application Period, and handled all legal issues efficiently and effectively.

D.     <u>PRECLUSION FROM OTHER EMPLOYMENT</u>.

The Applicant was precluded from accepting representation of other entities in this case by virtue of its representation of the Debtor; however, the Applicant was not precluded from taking other employment in other matters.

E.     <u>CUSTOMARY FEES</u>.

The Applicant is applying for compensation of fees that reflect a 10% discount from its customary billing rates as of 2012 for all professionals who worked on this case. The hourly rates charged for the Applicant's partners, associates, paralegals and professional support staff are within the range of those customarily charged by other law firms of requisite skill and experience in the Northern District of Texas.

F.        FIXED OR CONTINGENT FEES.

The fees for the Applicant's services are fixed fees based on the time spent in this case. However, the Applicant's compensation has at all times been contingent upon the availability of sufficient assets and funds in the estate and the ultimate determination of the Court.

G.        TIME LIMITATIONS IMPOSED BY CLIENT OR OTHER CIRCUMSTANCES.

Certain of the services performed by the Applicant for the Debtor required immediate responses, including expedited preparation and filing of pleadings. In general, however, such time limitations were reasonable under the circumstances and did not impose an undue hardship on Applicant.

H.        RESULTS ACHIEVED

At the onset of this case, Haynes and Boone prepared various first day pleadings that resulted in the entry of several first day orders and other orders that were critical to the efficient administration of the Debtor's bankruptcy estate including orders (i) granting complex case treatment, (ii) establishing procedures for cash management, (iii) allowing the Debtor to pay its employees' pre-petition wages, (iv) allowing the Debtor to pay certain of its pre-petition tax and insurance obligations, (v) allowing the Debtor to reject certain leases, (vi) granting the Debtor the right to use cash collateral on an interim basis, and (vii) extending the Debtor's time to file statements and schedules. The early efforts of Haynes and Boone along with the Debtor's other professionals resulted in the general stabilization of the Debtor's business permitting the Debtor to coordinate the sale of several of its store locations.

While the Debtor's cash flows ultimately proved insufficient to effect a reorganization of the Debtor's business, Haynes and Boone has aided the Debtor and its other professionals in conducting a sale process for its remaining store locations which has resulted in the entry into sale transactions for twenty-three of the Debtor's store locations, and also represented the Debtor in the sale of certain of the Debtor's other assets including seat licenses and season tickets to Dallas

Cowboys games.  Haynes and Boone likewise assisted the Debtor in obtaining court approval of procedures to establish a critical vendor arrangement with key liquor suppliers that allowed the Debtor to purchase necessary inventory and kept the business alive during the most critical period of the chapter 11 case.  Haynes and Boone also assisted the Debtor in the negotiation of sales of real property of the Debtor's affiliate and subsidiary, which generated significant proceeds used to pay down secured debt for which the Debtor was liable.

Haynes and Boone negotiated the terms of a disclosure statement and consensual plan of liquidation with the Committee, the Debtor's secured creditor, and other parties in interest. Haynes and Boone successfully negotiated the resolution of objections to the Debtor's disclosure statement and was ultimately successful in gaining Court approval of the disclosure statement and in overseeing the successful solicitation of votes on the debtor's plan of liquidation.  Haynes and Boone likewise successfully negotiated resolutions of objections to the plan of liquidation and was ultimately successful in achieving confirmation of the plan.  The agreement by Haynes and Boone, along with certain other professionals, to subordinate their professional fee claims to the claims of other creditors in order to meet the requirements of section 1129 was a central component of the successful negotiation and confirmation of the and plan.

I.    EXPERIENCE, REPUTATION AND ABILITY.

The Applicant is a full service international law firm with over 500 attorneys with offices throughout Texas, in Washington D.C., New York City, San Jose, Orange County, Shanghai China, and Mexico City.  The Applicant has represented all types of entities in liquidation and reorganization cases in the State of Texas and elsewhere throughout the nation.  Further, the Applicant enjoys an excellent reputation as experienced and capable bankruptcy counsel.

J.    THE UNDESIRABILITY OF THE CASE.

Representation of the Debtor in this case has not been undesirable for the Applicant.

K.   THE NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH CLIENT.

The Applicant was employed by the Debtor in this matter as a result of both its prior representation of the Debtor and its knowledge in the field of bankruptcy and reorganization law.

L.   AWARDS IN SIMILAR CASES.

The Applicant believes the services it rendered as counsel for the Debtor in this case has benefited the Debtor, the creditors and this estate.  The Applicant further represents that its fees are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained.  The Applicant respectfully requests that the Court take notice of the awards made in similar proceedings of this size and complexity.

35.   These highlights and the narrative entries on the attached Schedules A through R show the beneficial services rendered by the Applicant for the Debtor for which final approval and payment of fees and expenses as requested herein is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Applicant respectfully requests that the Court:

a.   Approve the Applicant's fees in the amount of $202,969.80 and expenses in the amount of $8,079.62 for the Current Period (August 1, 2013 through March 12, 2014);

b.   Grant final approval of all fees and expenses in the aggregate amount of $992,631.79 representing $947,620.80 in fees (for 2,155.60 hours of services rendered) and reimbursement of out-of-pocket expenses in the amount of $45,010.99 for the entire Application Period (December 17, 2012 through March 12, 2014);

c.   Grant final approval of all fees and expenses incurred by the Applicant after March 12, 2014 in connection with the preparation, service and hearing on this Application, to the extent that Applicant supplements this Application;

d.   Approve and direct the Applicant to apply the $25,000 in Sales Proceeds to its outstanding fees and expenses;

e.    Direct the Liquidation Trustee to pay to the Applicant its pro-rata share of the funds in the Professional Fee Reserve; and

f.    Grant the Applicant such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 11th day of April, 2014.

**HAYNES AND BOONE, LLP**

By: _/s/ Ian T. Peck_ _____

Robert D. Albergotti
State Bar No. 00969800
Ian T. Peck
State Bar No. 24013306
Jarom J. Yates
State Bar No. 24071134
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214-651-5000
Facsimile: 214-651-5940

**ATTORNEYS FOR THE DEBTORS**

## CERTIFICATION OF CERTIFYING PROFESSIONAL

The undersigned hereby certifies that he has been designated by Haynes and Boone, LLP as the Certifying Professional with respect to the Application, and that (a) he has read the Application; (b) to the best of the certifying professional's knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court, Northern District of Texas, effective February 1, 1994; and (c) the compensation and expense reimbursement requested are billed at rates in accordance with practices that are no less favorable than those customarily employed by Haynes and Boone and generally accepted by Haynes and Boone's clients.

_/s/ Ian T. Peck_ _____
Ian T. Peck

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11, 2014 a true and correct copy of the foregoing document with Exhibits 1-3 attached[4] was served upon all parties on the Limited Service List [Docket No. 404] plus the additional parties listed below (i) via e-mail (if available as indicated thereon) or United States first class mail, postage prepaid, and (ii) via e-mail upon the parties that receive electronic notice in these cases pursuant to the Court's ECF filing system:

Rob Yaquinto
Sherman & Yaquinto, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208
Email: rob@syllp.com
*Trustee of the Liquidation Trust*

                                        /s/ Ian T. Peck
                                        Ian T. Peck

---

[4] Copies of Schedules A through R are available upon request by contacting Kim Morzak, Paralegal, at 214.651.5420 or via e-mail at kim.morzak@haynesboone.com.

# SUMMARY OF HOURLY FEES AND EXPENSES BY MATTER
## (CURRENT PERIOD: August 1, 2013 – March 12, 2014)

| Schedule | Matter No. | Matter Name | Total Fees | Total Expenses |
|---|---|---|---|---|
| A | 55 | Case Administration | $4,093.20 | $0.00 |
| B | 56 | First Day Matters | $0.00 | $0.00 |
| C | 57 | Cash Collateral/DIP Financing | $6,551.10 | $0.00 |
| D | 58 | Creditor Issues/Claims Administration | $13,405.50 | $0.00 |
| E | 59 | Professional Fees & Retention Issues | $15,417.90 | $0.00 |
| F | 60 | Asset Sales/Disposition | $4,342.50 | $0.00 |
| G | 61 | Employee Issues | $187.20 | $0.00 |
| H | 62 | Executory Contract & Lease Issues | $0.00 | $0.00 |
| I | 63 | Tax Issues | $6,827.85 | $0.00 |
| J | 64 | Corporate Issues | $0.00 | $0.00 |
| K | 65 | Litigation | $481.95 | $0.00 |
| L | 66 | TABC/Regulatory Issues | $0.00 | $0.00 |
| M | 67 | Discovery & Investigation | $0.00 | $0.00 |
| N | 68 | Plan & Disclosure Statement | $133,735.50 | $0.00 |
| O | 69 | Expenses | $0.00 | $8,079.62 |
| P | 70 | Pension Issues | $9,781.65 | $0.00 |
| Q | 71 | Leprechaun's Choice | $93.60 | $0.00 |
| R | 72 | Subsidiary Asset Disposition | $8,051.85 | $0.00 |
| | | **TOTAL FEES & EXPENSES:** | **$202,969.80** | **$8,079.62** |

Exhibit 1

# SUMMARY OF HOURLY FEES AND EXPENSES BY MATTER
# (APPLICATION PERIOD: December 17, 2012 – March 12, 2014)

| Matter No. | Matter Name | Total Fees | Total Expenses |
|---|---|---|---|
| 55 | Case Administration | $59,216.40 | $0.00 |
| 56 | First Day Matters | $86,132.25 | $0.00 |
| 57 | Cash Collateral/DIP Financing | $93,264.75 | $0.00 |
| 58 | Creditor Issues/Claims Administration | $43,801.65 | $0.00 |
| 59 | Professional Fees & Retention Issues | $44,054.55 | $0.00 |
| 60 | Asset Sales/Disposition | $301,469.40 | $0.00 |
| 61 | Employee Issues | $1,954.35 | $0.00 |
| 62 | Executory Contract & Lease Issues | $43,875.45 | $0.00 |
| 63 | Tax Issues | $13,535.55 | $0.00 |
| 64 | Corporate Issues | $1,173.60 | $0.00 |
| 65 | Litigation | $481.95 | $0.00 |
| 66 | TABC/Regulatory Issues | $2,516.85 | $0.00 |
| 67 | Discovery & Investigation | $0.00 | $0.00 |
| 68 | Plan & Disclosure Statement | $211,465.80 | $0.00 |
| 69 | Expenses | $0.00 | $45,010.99 |
| 70 | Pension Issues | $17,449.65 | $0.00 |
| 71 | Leprechaun's Choice | $93.60 | $0.00 |
| 72 | Subsidiary Asset Disposition | $27,135.00 | $0.00 |
|  | **TOTAL FEES & EXPENSES:** | **$947,620.80** | **$45,010.99** |

Exhibit 1

# SUMMARY OF TOTAL FEES FOR BILLING PROFESSIONALS
## (CURRENT PERIOD: August 1, 2013 – March 12, 2014)

| | SUMMARY OF TOTAL FEES FOR ALL BILLING PROFESSIONALS (ALPHABETICAL) | | | |
|---|---|---|---|---|
| **PARTNERS / OF COUNSEL / SENIOR COUNSEL** | | | | |
| Initials | Full Name | Hourly Rate[1] | Total Hours | Total Fees |
| BDA | Robert D. Albergotti | $810.00 | 22.80 | $18,468.00 |
| PHA | Paul H. Amiel | $643.50 | 0.30 | $193.05 |
| DB | David Bell | $468.00 | 0.20 | $93.60 |
| ITP | Ian T. Peck | $535.50 | 164.20 | $87,929.10 |
| TW | Tiffany Walker | $472.50 | 0.70 | $330.75 |
| SAW | Susan A. Wetzel | $562.50 | 3.00 | $1,687.50 |
| | **Subtotal** | | **191.20** | **$108,702.00** |
| **ASSOCIATES** | | | | |
| Initials | Full Name | Hourly Rate | Total Hours | Total Fees |
| MLF | Matthew L. Fry | $369.00 | 0.40 | $147.60 |
| ADH | Autumn D. Highsmith | $427.50 | 7.00 | $2,992.50 |
| TT | Tom Tippetts | $387.00 | 0.50 | $193.50 |
| JJY | Jarom J. Yates | $324.00 | 156.20 | $50,608.80 |
| | **Subtotal** | | **164.10** | **$53,942.40** |
| **PARALEGALS/CASE CLERKS/PROFESSIONAL STAFF** | | | | |
| Initials | Full Name | Hourly Rate | Total Hours | Total Fees |
| TH | Tina Hurley | $45.00 | 0.20 | $9.00 |
| KM | Kim Morzak | $234.00 | 171.70 | $40,177.80 |
| CY | Charlotte Young | $99.00 | 1.40 | $138.60 |
| | **Subtotal** | | **173.30** | **$40,325.40** |
| | | | | |
| | **TOTALS:** | | **528.60** | **$202,969.80** |

---

[1] The hourly rates for all professionals represent a 10% reduction from the standard 2012 hourly rates.

# SUMMARY OF TOTAL FEES FOR BILLING PROFESSIONALS
## (APPLICATION PERIOD: December 17, 2012 – March 12, 2014)

| SUMMARY OF TOTAL FEES FOR ALL BILLING PROFESSIONALS (ALPHABETICAL) | | | | |
|---|---|---|---|---|
| **PARTNERS / OF COUNSEL / SENIOR COUNSEL** | | | | |
| Initials | Full Name | Hourly Rate[2] | Total Hours | Total Fees |
| BDA | Robert D. Albergotti | $810.00 | 261.40 | $211,734.00 |
| PHA | Paul H. Amiel | $643.50 | 0.30 | $193.05 |
| DB | David Bell | $468.00 | 0.20 | $93.60 |
| KK | Keenan Kolendo | $450.00 | 40.50 | $18,225.00 |
| ITP | Ian T. Peck | $535.50 | 746.30 | $399,643.65 |
| TW | Tiffany Walker | $472.50 | 0.70 | $330.75 |
| SAW | Susan A. Wetzel | $562.50 | 3.00 | $1,687.50 |
| | **Subtotal** | | **1,052.40** | **$631,907.55** |
| **ASSOCIATES** | | | | |
| Initials | Full Name | Hourly Rate | Total Hours | Total Fees |
| MLF | Matthew L. Fry | $369.00 | 0.40 | $147.60 |
| ADH | Autumn D. Highsmith | $427.50 | 7.00 | $2,992.50 |
| BH | Bradley Holdbrook | $265.50 | 93.30 | $24,771.15 |
| JCM | John C. Middleton | $369.00 | 66.40 | $24,501.60 |
| MP | Marcus Perkins | $265.50 | 8.20 | $2,177.10 |
| TT | Tom Tippetts | $387.00 | 0.50 | $193.50 |
| JJY | Jarom J. Yates | $324.00 | 490.50 | $158,922.00 |
| | **Subtotal** | | **666.30** | **$213,705.45** |
| **PARALEGALS/CASE CLERKS/PROFESSIONAL STAFF** | | | | |
| Initials | Full Name | Hourly Rate | Total Hours | Total Fees |
| TH | Tina Hurley | $45.00 | 0.20 | $9.00 |
| KM | Kim Morzak | $234.00 | 435.30 | $101,860.20 |
| CY | Charlotte Young | $99.00 | 1.40 | $138.60 |
| | **Subtotal** | | **436.90** | **$102,007.80** |
| | | | | |
| | **TOTALS:** | | **2,155.60** | **$947,620.80** |

---

[2] The hourly rates for all professionals represent a 10% reduction from the standard 2012 hourly rates.

Exhibit 2

# SUMMARY OF EXPENSES BY CATEGORY
## (CURRENT PERIOD: August 1, 2013 – March 12, 2014)

| SUMMARY BY EXPENSE CATEGORY (Ranked By Amount) | | |
| --- | --- | --- |
| **Category** | **Description** | **Amount** |
| OUTC/RPO/SUPV | Outside Copying and Printing/Reprographic and Binding Service/Support Vendors (Elite Document Technology – copies and postage incurred in connection with creditor mailings, including plan solicitation packages) | $4,248.14 |
| LEX | Lexis | $2,170.69 |
| POS | Postage | $1,322.18 |
| WST | Westlaw | $233.70 |
| SPDL | Special Delivery Courier Service | $54.86 |
| TRV | Travel Expense (parking fees for attending hearings) | $40.00 |
| PHO/PHOL | Photocopies @ $0.15/each (in-house) | $6.75 |
| PHC/PTC | Photocopy Expense Color @ $0.15/each (in-house) | $3.30 |
| | **TOTAL:** | **$8,079.62** |

Exhibit 3

# SUMMARY OF EXPENSES BY CATEGORY
## (APPLICATION PERIOD: December 17, 2012 – March 12, 2014)

| SUMMARY BY EXPENSE CATEGORY (Ranked By Amount) | | |
|---|---|---|
| **Category** | **Description** | **Amount** |
| OUTC/RPO/ SUPV | Outside Copying and Printing/Reprographic and Binding Service/Support Vendors (Elite Document Technology – copies and postage incurred in connection with creditor mailings, including plan solicitation packages) | $32,228.26 |
| LEX | Lexis | $3,317.54 |
| POS | Postage | $2,331.46 |
| HSRC | Outside Search Fee (Lien searches, ownership and encumbrances report) | $2,219.26 |
| FedEx/FDX | Federal Express | $1,754.85 |
| FEE | Filing Fee Expense | $1,213.00 |
| BLOB | Electronic Data Copies – B/W @ $0.06/each (in-house) | $688.02 |
| SPDL | Special Delivery Courier Service | $295.51 |
| WST | Westlaw | $262.49 |
| LGLE | Legal Ease Filing Fees (TX Secretary of State) | $180.00 |
| RTEC | Fax | $151.00 |
| PHO/PHOL | Photocopies @ $0.15/each (in-house) | $122.21 |
| TRV | Travel Expense (parking fees for attending hearings) | $104.00 |
| PTB | Prints Expense – B/W @ $0.15/each (in-house) | $64.50 |
| PHC/PTC | Photocopy Expense Color @ $0.15/each (in-house) | $26.40 |
| M&E | Meals and Entertainment (Breakfast meeting) | $21.99 |
| COUR | Courier Services | $18.00 |
| OLR | On-line Legal Research (Texas Secretary of State) | $11.00 |
| PSC | Pacer Service Center | $1.50 |
| | **TOTAL:** | **$45,010.99** |

## Exhibit 3