IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CENTENNIAL BEVERAGE GROUP, LLC | § | Case No. 12-37901-bjh-11 |
| | § | |
| Debtor. | § | |

**FINAL FEE APPLICATION COVER SHEET**

**UNPAID FEES AND EXPENSES FOR ENTIRE APPLICATION PERIOD**
**(December 17, 2012 Through March 12, 2014)**

| | |
|---|---|
| Final Fee Approval of: | RGS, LLC |
| Capacity: | Financial Advisor for the Debtor |
| Time Period: | December 17, 2012 through March 12, 2014 ("Application Period") |
| Bankruptcy Petition Filed on: | December 17, 2012 |
| Date of Entry of Retention Order: | February 20, 2013    Status of Case: Open |
| (Effective as of December 17, 2012) | |

**Amount Requested:**  |  | **Reductions:** |  |
|---|---|---|---|
| Fees: | $124,987.50 | Voluntary Fee Reductions | $0.00 |
| Expenses: | $0.00 | Expense Reductions: | $0.00 |
| Other: | $0.00 | | |
| **Total:** | **$124,987.50** | **Total Reductions:** | **$0.00** |

**Draw Down Request:** | | **Expense Detail:** | |
|---|---|---|---|
| Retainer Received: | $7,625.00 | Prints and Copies Black & White/Color (per page cost and total): | $0.00 |
| Previous Draw Down(s): | $7,625.00 | Postage | $0.00 |
| Remaining Retainer (now): | $0.00 | Federal Express | $0.00 |
| Requested Draw Down: | $0.00 | Support Vendors / Outside Copying & Printing | $0.00 |
| Retainer Remaining (after) | $0.00 | | |

D-2248646_2

| **Hourly Rates:** | **Professional:** | **Paralegal/Clerical:** |
|---|---|---|
| Highest Billed Rate: | $275.00 | N/A |
| Total Hours Billed: | 454.50 | |
| Blended Rate: | $275.00 | |

**Recap:**

| | |
|---|---|
| Total Fees and Expenses from December 17, 2012 to March 12, 2014 | $124,987.50 |
| Less Payments Received (including draw down of retainer) | $47,625.00 |
| Amount Requested to Be Paid: | $77,362.50 |

D-2248646_2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CENTENNIAL BEVERAGE GROUP, LLC | § | Case No. 12-37901-bjh-11 |
| | § | |
| Debtor. | § | |

**SECOND AND FINAL APPLICATION OF RGS, LLC, FINANCIAL ADVISOR**
**TO THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION**

RGS, LLC (the "*Applicant*"), financial advisor to Centennial Beverage Group, LLC ("*Centennial*" or the "*Debtor*"), files this Second and Final Application for Allowance and Payment of Compensation (the "*Application*").

This Application requests final approval of fees in the amount of $124,987.50 for the entire case (the period December 17, 2012 through March 12, 2014) (the "*Application Period*"). As more fully explained below, although the Applicant provided services to the Debtor during the period from August 1, 2013 through March 12, 2014 (the "*Current Period*"), the Applicant is not requesting further compensation for those services provided. The Applicant requests payment of all approved and unpaid fees incurred during the Application Period to the extent funds are available. An explanation of the availability of funds for payment of professionals is discussed in paragraphs 22 - 25 herein.

Part I of this Application is an introductory section. Part II of the Application discusses the Applicant's retainer and any amounts previously received by the Applicant.

Parts III and IV of this Application provide a discussion of the services performed by the Applicant during the Current Period for the various matters described herein.

Part V explains the factors that the Court should consider in determining the amount of compensation that is reasonable for the Applicant's services in this case.

I.

**INTRODUCTION & BACKGROUND**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. This Application is made pursuant to Section 330 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) (the "**Bankruptcy Code**").

3. On December 17, 2012 (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court.

4. No trustee or examiner has been appointed in this Chapter 11 case.

5. A committee of unsecured creditors was appointed by the United States Trustee on December 27, 2012 [Docket No. 66].

6. The Debtor continued in possession of its property pursuant to Bankruptcy Code §§ 1107 and 1108 until March 12, 2014, the Effective Date (the "**Effective Date**") of the Second Amended Plan of Liquidation for Centennial Beverage Group, LLC Under Chapter 11 of the United States Bankruptcy Code (the "**Plan**").

7. The Debtor filed its Application Under Section 327(a) for Authority to Retain RGS, LLC as Financial Advisor to the Debtor [Docket No. 126], along with the Declaration of Matt Donnell in support thereof attached as Exhibit A thereto. On February 20, 2013, the Court entered an order authorizing the Applicant's retention as financial advisor to the Debtor [Docket No. 203] (the "**Retention Order**").

II.

**STATEMENT AND REQUEST FOR FINAL APPROVAL
OF ALL PREVIOUSLY PAID FEES AND EXPENSES**

8. The Applicant received from the Debtor a retainer in the amount of $7,625.00 (the "**Retainer**"), which was placed in trust. The Retainer was a general retainer for pre- and post-petition

services and expenses rendered and to be rendered to the Debtor in connection with the Chapter 11 proceedings.

9. This is the Applicant's second and final application for allowance of compensation. The Applicant's First Interim Fee Application covered the period December 17, 2012 through July 31, 2013 and requested approval of fees in the amount of $124,987.50, as well as authority to apply the Retainer toward the allowed compensation.

10. The Agreed Final Order (I) Authorizing the Debtor's Use of Cash Collateral and (II) Granting Adequate Protection (the "***Final Cash Collateral Order***") [Docket No. 191] provided for a carve-out, not to exceed $300,000, of which $200,000 would be subject to recovery by the Debtor's professionals and the U.S. Trustee for statutory fees (the "***Carve-Out***"). The Final Cash Collateral Order provided that the Carve-Out would be reduced dollar for dollar by the amount of any retainer balance held by any Debtor Professional.

11. On October 1, 2013, this Court held a hearing on the First Interim Fee Application, and entered an order (i) granting approval of the Applicant's fees in the amount of $124,987.50, (ii) authorizing the Applicant to draw down the Retainer in its entirety, and (iii) authorizing payment to the Applicant from the Carve-Out in the amount of $40,000.00.

12. The Applicant has not been paid any amounts for its fees for services rendered during the Current Period, nor has it received any additional payment of its outstanding fees from the First Interim Fee Application.

### III.

### REQUEST FOR FINAL APPROVAL AND PAYMENT OF ALL FEES FOR CURRENT APPLICATION PERIOD

13. RGS is not seeking final approval of any further fees beyond the fees set forth in the First Interim Fee Application.

14. Except with respect to services for which the RGS is not seeking compensation, RGS has maintained written records of its time expended in rendering professional services to the Debtor, which records were made substantially contemporaneously with the rendition of those services.

15. All services performed by the Applicant's professional were recorded in time increments of one tenth (0.10) of an hour.

## IV.

## SERVICES RENDERED

16. Presented below is a summary description of the services rendered by RGS, together with (i) an explanation of the duties undertaken, (ii) the necessity or benefit of the services rendered, (iii) the results obtained or anticipated, and (iv) where appropriate, the outcome had the particular services not been performed.

17. <u>Lodestar Analysis</u>: RGS charged a total of 0 hours to the Debtor during the Current Period, which represents $0 in professional fees. The following is an itemization of the total fees charged by Matt Donnell, RGS's sole professional:

| Name | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Matt Donnell | $275 | 0 | 0 |
| **TOTAL:** | | 0 | 0 |

18. <u>Duties Undertaken</u>: The services rendered include providing the Debtor with general restructuring advice and advising the Debtor in consideration of a variety of potential business arrangements or undertakings in this Chapter 11 case. The following list summarizes the services rendered by RGS during the Current Period:

   a. Financial advisory services in connection with the evaluation of various restructuring alternatives for the Debtor;

   b. Preparation of financial analyses and cash flow forecasts relating to the various restructuring alternatives;

    c.    Providing financial advisory services in connection with the sale of various store locations and other estate assets;

    d.    Providing financial advisory services in connection with the Debtor's Disclosure Statement and Plan of Liquidation.

19.    <u>Necessity and Benefit</u>: The amount of time expended during the Current Period was necessary to allow RGS to assist the Debtor with its Disclosure Statement and Plan of Liquidation. RGS has aided the Debtor in preparing budgets, marketing and selling its assets, and the preparation and approval of the Disclosure Statement and confirmation of the Debtor's Plan of Liquidation.

20.    <u>Results Obtained</u>: Through the aid of RGS and the Debtor's other professionals, the Debtor was able to file and gain Court approval of its Disclosure Statement and final confirmation of the Debtor's Plan of Liquidation.

**Explanation of Expenses**

21.    Applicant is not seeking reimbursement of any expenses during the Current Period.

**Explanation of Availability of Funds for Payment of Professionals**

22.    The Order Confirming Second Amended Plan of Liquidation for Centennial Beverage Group, LLC Under Chapter 11 of the United States Bankruptcy Code [Docket No. 421] (the "***Confirmation Order***") provided that on the Effective Date, the Liquidation Trustee would establish a Professional Fee Reserve (the "***Professional Fee Reserve***"), which would consist of all funds owned by the Debtor on the Effective Date other than those to be placed into the Confirmation Claim Reserve[1] and $100,000 transferred to the Liquidation Trust to fund the activities of the Liquidation Trust.

23.    To the extent necessary to satisfy the claims of other creditors required to be paid pursuant to Bankruptcy Code Section 1129(a)(9), Haynes and Boone, LLP, Munsch Hardt Kopf & Harr PC, Lain Faulkner & Co., PC, and RGS, LLC (the "***Subordinating Professionals***") agreed to subordinate

---

[1] All terms described in this section not otherwise defined shall have the definition ascribed to them in the Plan.

their Allowed Administrative Expense Claims to all Allowed Secured Claims, and Allowed Claims required to be paid pursuant to section 1129(a)(9).

24. Until the unpaid portions of the Allowed Administrative Expense Claims of the Subordinating Professionals have been paid in full, 50% of the distributions from the Liquidation Trust of funds recovered after the Effective Date will be remitted to the professional firms, with the remaining 50% to be distributed to holders of Allowed General Unsecured Claims pursuant to the Plan. To the extent that any funds held in the Confirmation Claim Reserve are greater than is needed to pay all Allowed Secured, Administrative and Priority Claims identified in Bankruptcy Code Section 1129(a)(9), those funds shall be placed in the Professional Fee Reserve and will not be subject to the sharing agreement with the Allowed General Unsecured Claims. The sharing agreement between the Subordinating Professionals and holders of Allowed General Unsecured Claims is only with respect to funds recovered by the Liquidation Trustee after the Effective Date. In addition, if any portion of the $100,000 to be transferred to the Liquidation Trust to fund the activities of the Liquidation Trust is distributed to holders of Claims, the Subordinating Professionals will be entitled to payment of 50% of any such distribution to satisfy any remaining Allowed Professional Fee Claims.

25. At this time, the Professional Fee Reserve has a balance of approximately $228,000.

## V.

## FACTORS FOR CONSIDERATION BY COURT

26. Pursuant to the decisions of the United States Court of Appeals for the Fifth Circuit in *In re Lawler*, 807 F.2d 1207 (5th Cir. 1987), *Cooper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087 (5th Cir. 1982), *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Applicant requests that the Court consider the factors set forth below in determining the reasonableness of amount of compensation for the Applicant's services in this case.

      A.    TIME AND LABOR REQUIRED.

The Applicant expended 454 hours in representing the Debtor during the entire Application Period, at an hourly rate of $275.00. The Applicant's records of the time expended in the rendition of professional services for the Debtor, as well as for all of its other clients, consist of daily time entries that are then placed in computer records. RGS's time records are recorded substantially contemporaneously with the rendition of services and set forth the time expended by Mr. Donnell, RGS's sole professional, on a daily basis. The Applicant believes that the detail provided in Exhibit 1 shows that its request for compensation is reasonable.

All professionals involved in the rendering of services in this proceeding made a deliberate effort to avoid any unnecessary duplication of work and time expended. In certain instances, conferences and/or collaborations were necessary with the Debtor's attorneys or other professionals. This was required because of the often complex nature of the many different matters going on at any one time. RGS has endeavored to serve the Debtor in an efficient and cost-effective manner. RGS submits that the time expended during the Application Period was reasonable, given the complexity of the issues in the Chapter 11 case.

      B.    NOVELTY AND DIFFICULTY OF ISSUES.

RGS's engagement by the Debtor has required a high degree of skill and understanding of the complex issues facing the Debtor. Some of the issues involved in this case, including significant regulatory issues and unique vendor issues created by retail liquor laws, were unusual and difficult and involved matters which had to be carefully considered by the Applicant.

  C. THE SKILL REQUIRED TO PERFORM THE SERVICES PROPERLY.

For the reasons previously identified, the nature of this case has required RGS to exercise a high degree of skill in assisting the Debtor. RGS has extensive experience with financially troubled companies in complex financial restructurings, both out of court and in Chapter 11 reorganization cases, and has been involved as advisor with respect to financial restructurings, CRO engagements, asset sales and divestitures, M&A transactions, liquidations, receiverships, and other advisory assignments. RGS and its principal have extensive experience in reorganization cases and an excellent reputation for services it has rendered to various parties-in-interest in large and complex cases. The Applicant believes that it displayed a high degree of professional skill with respect to both standard and novel problems encountered during the Application Period, and handled matters efficiently and effectively.

  D. PRECLUSION FROM OTHER EMPLOYMENT.

The Applicant was precluded from accepting representation of other entities in this case by virtue of its representation of the Debtor. In addition, because Mr. Donnell is a solo practitioner, the time required of the Applicant to serve the Debtor's estate made taking on additional matters difficult.

  E. CUSTOMARY FEES.

The time and effort required by RGS to assist the Debtor adequately in light of the complexities of the Chapter 11 case and the Debtor's financial condition have been described in this Application. The fees and rates charged by RGS are the same or lower than the fees and rates charged by comparable financial advisors in Texas. RGS submits that under all of the criteria normally examined in bankruptcy cases, and based on the factors to be considered in accordance with Section 330(a) of the Bankruptcy Code, the services provided by RGS justify an allowance of compensation in the requested amount.

F.  FIXED OR CONTINGENT FEES.

The fees for the Applicant's services are fixed fees based on the time spent in this case. However, the Applicant's compensation has at all times been contingent upon the availability of sufficient assets and funds in the estate and the ultimate determination of the Court.

G.  TIME LIMITATIONS IMPOSED BY CLIENT OR OTHER CIRCUMSTANCES.

Certain of the services performed by the Applicant for the Debtor required immediate responses to facilitate prompt and informed actions by the Debtor.  In general, however, such time limitations were reasonable under the circumstances and did not impose an undue hardship on Applicant.

H.  RESULTS ACHIEVED

As a result of RGS's services, the Debtor has been able to successfully enter into various cash collateral agreements with its primary secured lender, maintain its business prior to the decision to liquidate, and sell various assets for significant consideration. In addition, RGS has aided the Debtor and its other professionals in drafting a plan of liquidation and disclosure statement.  RGS likewise aided the Debtor and its other professionals in receiving Court approval of the disclosure statement and confirmation of the plan of liquidation.

I.  EXPERIENCE, REPUTATION AND ABILITY.

The Applicant is a corporate restructuring and financial advisory firm focused on assisting middle market companies and their constituencies in times of distress and financial reorganization.  RGS and its principal have been involved in a wide range of operational and financial restructuring engagements, including serving as a court appointed Chapter 11 examiner. RGS also provides other financial advisory services to a range of corporate clients in industries such as aerospace, automotive, commercial construction, death care, restaurants, specialty finance, financial services, healthcare, building products, broadband communications, and

telecommunications. The Applicant enjoys an excellent reputation as experienced and capable financial advisor.

J. THE UNDESIRABILITY OF THE CASE.

Representation of the Debtor in this case has not been undesirable for the Applicant.

K. THE NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH CLIENT.

The Applicant was employed by the Debtor in the days leading up to the Petition Date primarily as a result of its knowledge in the field of bankruptcy and financial reorganizations.

L. AWARDS IN SIMILAR CASES.

The Applicant believes the services it rendered as financial advisor for the Debtor in this case has benefited the Debtor, the creditors and the estate. The Applicant further represents that its fees are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained. The Applicant respectfully requests that the Court take notice of the awards made in similar proceedings of this size and complexity.

27. These highlights and the narrative entries on the attached Exhibit 1 show the beneficial services rendered by the Applicant for the Debtor for which final approval and payment of the fees as requested herein is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Applicant respectfully requests that the Court:

a. Approve the Applicant's fees in the amount of $0 for the Current Period (August 1, 2013 through March 12, 2014);

b. Grant final approval of all fees in the aggregate amount of $124,987.50 (for 454.5 hours of services rendered) for the entire Application Period (December 17, 2012 through March 12, 2014);

c. Direct the Liquidation Trustee to pay to the Applicant its pro-rata share of the funds in the Professional Fee Reserve; and

d. Grant the Applicant such other and further relief as is just.

   **RESPECTFULLY SUBMITTED** this 11th day of April, 2014.

             **RGS, LLC**

             By: _/s/ Matt Donnell_____

             President – RGS LLC
             5430 W. University Blvd.,
             Dallas, Texas 75209
             214.632.6198
             matt.donnell@gmail.com

             **FINANCIAL ADVISOR FOR THE**
             **DEBTOR-IN-POSSESSION**

### CERTIFICATION OF CERTIFYING PROFESSIONAL

   The undersigned hereby certifies that he has been designated by RGS, LLC as the Certifying Professional with respect to the Application, and that (a) he has read the Application; (b) to the best of the certifying professional's knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court, Northern District of Texas, effective February 1, 1994; and (c) the compensation and expense reimbursement requested are billed at rates in accordance with practices that are no less favorable than those customarily employed by RGS, LLC and generally accepted by RGS's clients.

            _/s/ Matt Donnell_____
            Matt Donnell

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on April 11, 2014, a true and correct copy of the foregoing document was served upon all parties on the Limited Service List [Docket No. 404] plus the additional parties listed below (i) via e-mail (if available as indicated thereon) <u>or</u> United States first class mail, postage prepaid, and (ii) via e-mail upon the parties that receive electronic notice in this case pursuant to the Court's ECF filing system:

Rob Yaquinto
Sherman & Yaquinto, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208
Email: rob@syllp.com
*Trustee of the Liquidation Trust*

                 */s/ Ian T. Peck*
                 Ian T. Peck